In re QUALITY ELECTRONICS CENTERS, INC., Debtor.

No. 7–85–01242 R S.

Motion-Letter No. S–1794.

United States Bankruptcy Court, D. New Mexico.

Jan. 28, 1986.

Attorney for Debtor: James Jacobsen, Albuquerque, N.M.

Attorney for ITT Commercial Finance Corporation: Thomas Rice, Santa Fe, N.M.

## MEMORANDUM OPINION

STEWART ROSE, Bankruptcy Judge.

THE SECURED Creditor's motion for relief from stay in this case presents an opportunity for this Court to express an opinion on the appropriate stay litigation procedure. The Rules of Bankruptcy Procedure adopted by the Supreme Court changed stay litigation from adversary proceedings, essentially law suits, to contested matters, essentially motion practice. (See Rules of Bankruptcy Procedure, Rule 9014 (1984).) The simplified and expedited procedure suggests a reconsideration of the scope of matters to be heard and decided in stay litigation.

The debtor corporation filed its Chapter 7 bankruptcy on September 18, 1985. Due to the complexity of the debtor's affairs, the statement of affairs and schedules was not filed until October 17, 1985. The 341 meeting was held on November 13, 1985. A creditor, ITT Commercial Finance Corporation, filed its motion for relief from stay October 17, 1985. The creditor's motion came on for hearing November 12, 1985 one day before the 341 meeting. Obviously lack of information concerning the debtor's affairs left the trustee and the other affected creditors at some disadvantage in ascertaining the facts for the stay motion hearing.

In response to the stay motion the trustee filed an answer alleging lack of sufficient information and demanding strict proof. First National Bank filed a similar answer. The debtor, having substantially more information available, filed an answer admitting that ITT's lien was superior to that of the Bank and suggesting that the trustee should avoid but assert a superior lien of the landlord under 11 U.S.C. § 545 and 11 U.S.C. § 551. The debtor has suggested that ITT should not be entitled to relief from the stay unless it paid to the trustee the amount of the landlord's lien. Parenthetically, the debtor's stake in subordinating ITT's secured claim to the landlord's lien in the hands of the trustee is to create a fund from which the Internal Revenue Service, as a priority creditor, might be paid, thereby diminishing the claim of the Internal Revenue Service against the debtor corporation's president.

The stay motion came on for preliminary hearing, in accordance with the local practice, and the various parties appeared by counsel. At such preliminary hearings the Court relies upon the statements of counsel

and normally does not hear testimony or consider the admission of evidence.

ITT, the moving creditor, contended that it had a perfected security interest in "big ticket items" of the debtor's inventory. Although the debtor conceded that ITT probably had a valid perfected security interest, neither the trustee nor the Bank had had the opportunity to examine the appropriate documents or to arrive at a conclusion on that matter.

The Bank contended that it had a perfected security interest in all inventory but none of the other parties was prepared to concede this matter at that time.

Prior to the adoption of the new Rules of Bankruptcy Procedure, stay litigation was conducted by adversary proceedings. (See Rule 701(6) of Bankruptcy Rules (1976) Amended in 1978 by Rules of Bankruptcy Procedure Rule 7001.) In many cases the Court was compelled to hold a hearing within 30 days, and the trustee and other affected creditors were obviously hard pressed to prepare for hearings on such short notice. Characteristically the old procedure resulted in decisions with respect to the validity and priority of secured claims, all of which was *res judicata* in subsequent proceedings. Indeed, it was often the practice of a moving creditor to file a complaint for relief from stay and to add to that complaint counts seeking to determine the extent and priority of the creditor's lien upon the collateral. The new procedure, motion practice, may very well have the same impact. If the Court is called upon to determine the validity, priority and extent of a lien as a part of stay litigation then the creditor's motion becomes a substitute for the adversary proceeding or non-bankruptcy litigation which the parties would normally expect.

 Under these circumstances it seems that the appropriate rule of procedure is and should be that the inquiry conducted by the Court should be limited to a determination that the moving creditor has a colorable claim to a perfected security interest. Such being the case here, the stay should be lifted. The Court should refrain from making decisions which might be *res judicata* in subsequent litigation. The Court need not determine the priority of ITT's claim as against the Bank, whether the trustee can avoid and assert the landlord's lien nor determine the lien's priority as against the moving creditor. None of these matters need be before the Court today.

This memorandum opinion constitutes the Court's findings of fact, conclusions of law, and decision. An appropriate order shall enter.