968 F.2d 1224
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 In re REXOTECH CALIFORNIA, INC., doing business as Rexotech,
Inc., and In re Abek, Scientific, Inc., doing
business as Rexotech, Inc., Debtors.
GENERAL SIGNAL CORPORATION, Appellant,
v.
Joseph G. ROSANIA, Chapter 7 Trustee for the Estate of
Rexotech California, Inc., Appellee.
 Nos. 91-1323, 91-1324.
 United States Court of Appeals, Tenth Circuit.
 July 17, 1992.
 
 Before LOGAN, EBEL and KELLY, Circuit Judges.
 ORDER AND JUDGMENT*
 KELLY, Circuit Judge.
 
 
 1
 Appellant General Signal Corporation appeals from an order of the district court reversing and remanding two appeals from the bankruptcy court. Appellee, the Chapter 7 Trustee for Debtor Rexotech California, Inc., has filed a motion to dismiss for lack of appellate jurisdiction. Because we agree that this court lacks jurisdiction to consider the merits of these appeals, we grant the motion to dismiss.[1]
 
 Background
 
 2
 In 1988, Debtor executed a secured promissory note in favor of General Signal for $10,000,000. Debtor filed for bankruptcy protection in February 1989. General Signal moved for relief from the automatic stay in order to foreclose on collateral securing the promissory note. Debtor argued General Signal's security interest was not perfected properly. The bankruptcy court granted General Signal relief from stay. The order contained a conclusion of law which provided that "[t]he Financing Statement filed by GS appears to comply with the requirements of California Commercial Code § 9402 and was effective to perfect GS' security...." Aplt.App. at 40.
 
 
 3
 While General Signal's motion was pending, Debtor filed an adversary proceeding seeking to avoid General Signal's security interest on the ground that it was unperfected. A different bankruptcy judge was assigned to the adversary proceeding. Debtor's bankruptcy was subsequently converted to a Chapter 7 proceeding. In the adversary proceeding, General Signal moved for summary judgment, asserting the Trustee was collaterally estopped from challenging the perfection of its security interest. Specifically, the company maintained that the bankruptcy court had resolved the issue in granting General Signal relief from the automatic stay.
 
 
 4
 The adversary proceeding judge ruled on the summary judgment motion. The court noted that relief from stay proceedings are usually "expedited proceedings" in which the secured party need only make a prima facie case to obtain relief. Aplt.App. at 94. Thus, collateral estoppel normally would not apply. The court observed, however, that "the parties ... chose not to follow that procedure. Rather both sides fully explored the issue and submitted extensive briefs thereon." Id.
 
 
 5
 The adversary proceeding judge concluded that General Signal was entitled to summary judgment on collateral estoppel grounds, but did not enter judgment because the bankruptcy court never entered a separate document constituting a judgment in the stay proceeding. See Fed.R.Civ.P. 58. The court stayed the adversary proceeding pending a formal entry of judgment by the bankruptcy court.
 
 
 6
 The Trustee then sought clarification from the bankruptcy court on whether it intended its order on the stay to have collateral estoppel effect. Aplt.App. at 49-50. The bankruptcy court ruled in a clarification order that the findings in the September 18 order were limited to the stay issue.
 
 
 7
 The adversary proceeding judge responded to the bankruptcy court order by vacating his earlier summary judgment ruling. Aplt.App. at 96-97. General Signal unsuccessfully sought reconsideration of the bankruptcy court order and the adversary proceeding order. General Signal appealed to the district court.
 
 
 8
 The district court reversed the bankruptcy court's clarification order and remanded the entire proceeding to the bankruptcy court for findings. The district court stated
 
 
 9
 [i]t seems clear that in light of the dictates of, above all, common sense, the only logical outcome of this appeal must consist of the remand to the bankruptcy court with the purpose in mind of starting with a clean slate by allowing [the bankruptcy court] to clearly articulate in [its] order on the stay motion the exact extent and nature of [its] findings.... The Court concludes that, standing alone, the September 18, 1989 order raises questions as to whether it is of a standard or exceptional nature, as it undoubtedly raised substantial questions in light of the consequences it produced in subsequent orders.
 
 
 10
 Aplt.App. at 200. Subsequently, General Signal appealed.
 
 Discussion
 
 11
 The Trustee contends that we do not have jurisdiction because the district court's order is not a final decision under 28 U.S.C. § 158(d). If, in considering a bankruptcy appeal, the "district court remands for significant further proceedings, its order is not final and appealable for purposes of § 158(d)." Cascade Energy & Metals v. Banks (In re Cascade Energy & Metals Corp.), 956 F.2d 935, 937 (10th Cir.1992); Homa Ltd. v. Stone (In re Commercial Contractors, Inc.), 771 F.2d 1373, 1375 (10th Cir.1985). On the other hand, where the purpose of the remand is to effectuate a ministerial task, or conduct additional proceedings involving little judicial discretion, the district court's order will be considered final. State Bank of Spring Hill v. Anderson (In re Bucyrus Grain Co.), 905 F.2d 1362, 1366 (10th Cir.1990). If the remanded matter is unlikely to spawn another appeal or affect the issue on appeal, a district court's remand order may be considered final. Id.
 
 
 12
 Here, the district court remanded the proceedings for further findings and conclusions of law concerning the bankruptcy court's granting relief from the automatic stay. In particular, the district court directed the bankruptcy court to determine whether its ruling on the perfection issue was "standard or exceptional." This inquiry requires the bankruptcy court to make a legal determination regarding the extent and nature of its findings.
 
 
 13
 Normally, consideration of a motion to lift the bankruptcy court's automatic stay is limited in scope. In re Vitreous Steel Prods. Co., 911 F.2d 1223, 1234 (7th Cir.1990). The party seeking relief need only show a "colorable claim of a lien." Id. See also In re Quality Elecs. Ctrs., Inc., 57 B.R. 288 (Bankr.D.N.M.1986) (inquiry of court on stay matter should be limited to a determination that the moving creditor has "a colorable claim to a perfected security interest"). Using this procedure, a decision on relief from stay would not be a full adjudication of the merits of the lien interest. See In re Vitreous Steel Prods. Co., 911 F.2d at 1234 (decision on relief from stay would not be res judicata as to all lien issues where hearing on stay was limited in scope). But see Pollack v. FDIC (In re Monument Record Corp.), 71 B.R. 853, 857-64 (Bankr.M.D.Tenn.1987) (order granting relief from stay and recognizing security interest was final judgment for issue preclusion purposes).
 
 
 14
 Conversely, the collateral estoppel doctrine bars relitigation only when the parties have had a prior opportunity to fully and fairly litigate an issue. Smith Mach. Co. v. Hesston Corp., 878 F.2d 1290, 1293 (10th Cir.1989), cert. denied, 493 U.S. 1073 (1990). Consequently, if the hearing on the stay matter did not provide an opportunity to "fully and fairly" litigate the lien perfection issue, collateral estoppel may not apply. See id. The remand which the district court ordered will clarify the confusion surrounding the bankruptcy court's previous rulings.
 
 
 15
 This clarification is not, as General Signal suggests, ministerial. It will involve significant judicial discretion and will require the bankruptcy court to reevaluate the procedures it followed in reviewing the stay matter. Thus, the remand involves significant further proceedings and is not final. Nor is this an appropriate case for 28 U.S.C. § 1292(b) jurisdiction given the nature of the issue involved. See Temex Energy, Inc. v. Underwood, Wilson, Berry, Stein & Johnson, No. 91-6069, 1992 WL 143741, * 2 (10th Cir. June 25, 1992). Accordingly, the Trustee's Motion to Dismiss is GRANTED. The appeal is DISMISSED for lack of jurisdiction.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cases are therefore ordered submitted without oral argument