**In re Carlos Alfredo VIGIL, Debtor.**

**Cheryl Montoya, Plaintiff,**

**v.**

**Carlos Vigil, Defendant.**

**Bankruptcy No. 7–99–12204 MS.**
**Adversary No. 99–1153.**

United States Bankruptcy Court,
D. New Mexico.

April 14, 2000.

Douglas Booth, Attorney at Law, Santa Fe, NM, for debtor.

Shay E. Meagle, Attorney at Law, Albuquerque, NM, for Cheryl Montya.

### MEMORANDUM

MARK B. McFEELEY, Chief Judge.

THIS MATTER came before the Court on the Plainff's Motion for Judgment on the Pleadings, or Alternatively, for Summary Judgment ("Motion for Summary Judgment") on her Complaint to Determine Dischargeability, and Debtor's Response to Plaintiff's Motion for Judgment on the Pleadings and Motion for Summary Judgment and Debtor/Defendant's Cross–Motion for Summary Judgment ("Cross–Motion for Summary Judgment"). Previously, the Court entered an Order in the main bankruptcy proceeding determining that wage garnishment of the Debtor's post-petition earnings fell within the ex-ception to the automatic stay provided in 11 U.S.C. § 362(b)(2)(B). Plaintiff asserts that the Court's determination of the stay motion in the main bankruptcy proceeding is *res judicata* as to the issue of the dischargeability of debt in this adversary proceeding.

At a preliminary hearing on the Motion for Summary Judgment and the Cross–Motion for Summary Judgment, the Court directed the parties to submit letter memoranda on the standard the Court should apply when determining stay motions. After reviewing the memoranda submitted by counsel, and being otherwise fully informed, the Court finds that its preliminary determination in the main bankruptcy proceeding of the (in)applicability of the automatic stay to the wage garnishment is not entitled to preclusive effect on the issue of dischargeability in this adversary proceeding.

### FACTS AND DISCUSSION

■  Normally, the issue of dischargeability of debt first arises in the context of an adversary proceeding to determine dischargeability of certain debt under 11 U.S.C. § 523. In this case, however, the dischargeability issue entered through the back door via stay motion proceedings brought in the main case by the Debtor's employer who had been served with a writ of garnishment. Section 362(b)(2)(B) provides that a proceeding against the debtor for "the collection of alimony, maintenance, or support from property that is not property of the estate" is excepted from application of the automatic stay. 11 U.S.C. § 362(b)(2)(B). Both parties treated the stay motion as an opportunity to argue whether the underlying debt which was the subject of the wage garnishment proceedings was dischargeable.

■  Plaintiff contends that *res judicata* principles bar relitigation of the issue of dischargeability, arguing that the Court, by determining that the collection of the debt at issue was excepted from the automatic stay under 11 U.S.C. § 362(b)(2)(B),

necessarily and finally adjudicated whether the debt was in the nature of support.[1] *Res judicata*, also known as claim preclusion, requires the presence of the following elements: 1) a final judgment on the merits in a prior action; 2) same parties in both suits (or party is in privity with a party to the prior suit); and 3) same cause of action in both suits. *See United States v. Kunzman*, 125 F.3d 1363, 1366 (10th Cir.1997). Similar to *res judicata*, but not synonymous, issue preclusion, or collateral estoppel, requires that the issue in the initial and subsequent action be identical, and that the issue be essential to the determination of the final judgment. *See Sil–Flo, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1520 (10th Cir.1990).

■ It is true that the Court previously examined whether the debt at issue was "in the nature of support" as part of the stay motion. However, *res judicata* principles do not bar litigation of the dischargeability of debt in the adversary proceeding. Stay motions, by their very nature, are fundamentally different from adversary proceedings. *See Grella v. Salem Five Cent. Sav. Bank*, 42 F.3d 26, 33 (1st Cir.1994) (noting the separate procedures for stay motions which are "contested matters" and adversary proceedings governed by Fed.R.Bankr.P. 7001). Stay motions must be heard quickly. *See* 11 U.S.C. § 362(e); *Grella*, 42 F.3d at 31; *In re Quality Electronics Centers, Inc.*, 57 B.R. 288, 290 (Bankr.D.N.M.1986) (court's inquiry with regard to stay motions should be limited). The Court must make an initial determination of whether the stay applies. *See Estate Const. Co. v. Miller & Smith Holding Co., Inc.*, 14 F.3d 213, 219 (4th Cir.1994) (stay hearings are summary in nature and do not have pre-

clusive effect on subsequent litigation of counterclaims a party fails to raise at a stay hearing); *In re Vitreous Steel Products Co.*, 911 F.2d 1223, 1234 (7th Cir. 1990) (purpose of motion to lift stay is limited to whether creditor holds a colorable claim of lien; it does not preclude litigation of preferential or fraudulent transfer issues in subsequent adversary proceeding). The inquiry is summary and preliminary; it does not involve a full adjudication of all issues on the merits. *Grella*, 42 F.3d at 33; *Cheshire County Sav. Bank v. Pappas (In re Pappas)*, 55 B.R. 658, 660–661 (Bankr.D.Mass.1985) (consideration of counter claims and defenses as part of a motion for relief from stay is different from adjudication of the merits) (citations omitted).

■ In this case, the applicable stay provision required a two-part inquiry. *See* 11 U.S.C. § 362(b)(2)(B). In order to be excepted from the stay, the debt must be in the nature of support, and the property from which the movant is attempting to collect must not be property of the estate. 11 U.S.C. § 362(b)(2)(B). The Court's determination of the second part of the inquiry is not at issue here. Because this is a Chapter 7 proceeding, Debtor's post-petition wages are not property of the Debtor's estate.[2] What is at issue is the first part of the inquiry.

■ The Court reached its decision regarding the first part of the inquiry based primarily on the language of the settlement agreement. For stay purposes, the Court had to make an initial and preliminary determination of whether the debt at issue fell within the exception to the automatic stay based solely on the limited evidence before it. Whether the debt at issue is "in the nature of support" for discharge-

---

**1.** Debts which are in fact "in the nature of support" (as opposed to a property settlement), are non-dischargeable under 11 U.S.C. § 523(a)(5).

**2.** As a general matter, the automatic stay does not apply to property which is not property of the estate, even with regard to collection of

debt that does not arise out of marital dissolution proceedings. *See* 3 Collier on Bankruptcy ¶ 362.03[5] (Lawrence P. King, ed., 15th ed.1998) (§ 363(a)(3) inapplicable to property which is not property of the estate and not in possession of the debtor at the time the bankruptcy petition is filed).

ability purposes requires an examination of several factors, including the relative financial position of the parties at the time of the marital settlement agreement. *Sampson v. Sampson (In re Sampson),* 997 F.2d 717, 725 (10th Cir.1993); *Dewey v. Dewey (In re Dewey),* 223 B.R. 559, 565 (10th Cir. BAP 1998). No evidence or testimony was presented on this issue in connection with the stay motion. The briefs contained only conflicting *allegations* concerning the relative financial position of the parties. Thus an important, if not crucial, factor relevant to a dischargeability determination under 11 U.S.C. § 523(a)(5) was not, indeed could not, have been considered by the Court in determining the applicability of the automatic stay.

## CONCLUSION

Section 523 and § 362 serve fundamentally different purposes. The scope of a Court's review in the context of a stay motion is necessarily preliminary. Based on the limited information presented to the Court, the Court must determine whether the automatic stay applies. It is not a forum to litigate fully every issue relevant to an adversary proceeding contesting the dischargeability of certain debt. Such issues will be resolved in the adversary proceeding. Plaintiff's Motion for Judgment on the Pleadings, or Alternatively for Summary Judgment should be denied. For the same reasons, Debtor/Defendant's Cross–Motion for Summary Judgment should also be denied. An appropriate order will be entered.

This memorandum constitutes the Court's findings of fact and conclusions of law in accordance with Rule 7052 of the Federal Rules of Bankruptcy Procedure.