16 F.3d 1228
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 IN RE: Douglas R. TETHEROW, Debtor,
Douglas R. Tetherow, Appellant,
v.
Cherry County, Nebraska, Appellee.
 No. 93-1682.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: October 21, 1993.
Filed: January 11, 1994.
 
 Before WOLLMAN, Circuit Judge, JOHN R. GIBSON, Senior Circuit Judge, and MAGILL, Circuit Judge.
 PER CURIAM.
 
 
 1
 Douglas R. Tetherow appeals the district court's[1] order affirming the bankruptcy court's[2] dismissal of his Chapter 11 petition. We affirm.
 
 
 2
 The parties agree on the relevant facts. In November 1984, Tetherow filed a petition for relief under Chapter 11 of the Bankruptcy Code. In February 1989, Cherry County moved for relief from the automatic stay. The bankruptcy court granted the motion for the "limited purposes" of assessing and levying taxes, and also prohibited the county from collecting the taxes without leave of the court. Tetherow did not appeal this order.
 
 
 3
 In June 1992, the bankruptcy court dismissed the petition, noting that prior orders had warned Tetherow of this result if he failed to submit a plan acknowledging the county's right to be paid taxes. In denying Tetherow's appeal, the district court stated that the bankruptcy court properly found Tetherow had failed to present an acceptable reorganization plan; and that, because Tetherow had failed to appeal within ten days, he was precluded from challenging the bankruptcy court's 1989 order granting the county relief from the automatic stay.
 
 
 4
 On appeal, Tetherow argues that the bankruptcy court violated 11 U.S.C. Sec. 362(d) by not holding a hearing prior to lifting the automatic stay and that the lifting of the stay was not a final appealable order. Tetherow also contends that the county levied and assessed the taxes in violation of Nebraska law, thus releasing him from any duty to include their payment in a reorganization plan.
 
 
 5
 We agree with the district court that Tetherow waived his right to challenge the lifting of the automatic stay because he failed to timely appeal the order. "The circuit courts consistently hold that orders granting or denying relief from the automatic stay are appealable final orders." Eddleman v. United States Dept. of Labor, 923 F.2d 782, 784 (10th Cir. 1991); see also In re Apex Oil Co., 884 F.2d 343, 347 (8th Cir. 1989) (order denying relief from stay is final appealable order); 1 Collier on Bankruptcy Sec. 3.03[e], at 3-188 to -189 (L.King 15th ed. 1988).
 
 
 6
 We are unpersuaded by Tetherow's argument that the order was not final because matters remained before the bankruptcy court after the lifting of the automatic stay. In bankruptcy proceedings, "courts take a more liberal view of what constitutes a separate dispute for purposes of appeal." In re Leimer, 724 F.2d 744, 745 (8th Cir. 1984) (emphasis added). In determining whether a bankruptcy court order is final, we look at three factors: (1) whether the order leaves the bankruptcy court nothing to do but execute the order; (2) whether the delay in obtaining review would prevent the aggrieved party from obtaining effective relief; and (3) whether a later reversal on that issue would require recommencement of the entire proceeding. In re Apex Oil Co., 884 F.2d at 347.
 
 
 7
 The facts in this case aptly demonstrate why we should treat the order lifting the stay as final. After the bankruptcy court lifted the stay in 1989, Tetherow continued to submit plans which were denied confirmation because they failed to provide for the payment of county taxes. In 1990, the district court even refused to entertain an interlocutory appeal challenging the denial of one such plan because it failed to provide for the payment of taxes. In its decision, the district court noted that Tetherow's appeal centered on the propriety of the assessment and levy of property taxes and, thus, essentially asked the court to review the order lifting the stay, which the court categorized as "a final order ... from which no appeal was taken." By not timely appealing and by repeatedly contesting the lifting of the stay (by not including the payment of county taxes in his proposed plans), Tetherow caused additional cost, litigation, and delay for all the parties. Upon lifting the stay, the bankruptcy court terminated Tetherow's right to contest whether the county could levy and assess taxes; because Tetherow failed to appeal this order, all that remained was for him to devise an acceptable plan which dealt with the payment of the taxes.
 
 
 8
 Tetherow does not dispute that the bankruptcy court dismissed his petition because he failed to submit such a plan. Having determined that Tetherow waived any challenge to the lifting of the stay, we cannot conclude that the bankruptcy court abused its discretion in dismissing the petition because Tetherow failed to submit an acceptable plan. See In re Lumber Exch. Bldg. Ltd. Partnership, 968 F.2d 647, 648 (8th Cir. 1992) (bankruptcy court may dismiss Chapter 11 case " 'for cause, including ... inability to effectuate a plan' ").
 
 
 9
 In addition, we reject as meritless Tetherow's argument that the county levied and assessed taxes in violation of Nebraska law. See Alliance R.R. Community Credit Union v. County of Box Butte, 503 N.W.2d 191 (Neb. 1993).
 
 
 10
 The county's motion to strike portions of Tetherow's appendix is denied.
 
 
 11
 Accordingly, we affirm the district court's order affirming the bankruptcy court's dismissal of Tetherow's Chapter 11 petition.
 
 
 
 [1]
 The Honorable William G. Cambridge, United States District Judge for the District of Nebraska
 
 
 [2]
 The Honorable Timothy J. Mahoney, Chief Judge, United States Bankruptcy Court for the District of Nebraska