**In the Matter of Mattie M. DEEBLE d/b/a Deeble Personal Care Home, Debtor.**

**In the Matter of David McBRIDE, Debtor.**

**Bankruptcy Nos. 92–41158, 93–41634.**

United States Bankruptcy Court, S.D. Georgia, Savannah Division.

May 17, 1994.

Sylvia Ford Brown, Chapter 13 Trustee, Savannah, GA, for plaintiff/movant.

R. Wade Gastin, Savannah, GA, for defendant/respondent.

### ORDER ON MOTION TO SELL REAL PROPERTY

LAMAR W. DAVIS, Jr., Chief Judge.

Debtors in each of the above-captioned cases filed Motions to sell certain real property, title to which was vested in the Debtors as of the date their Chapter 13 cases were filed. After a hearing to consider said Motions, it was determined that the real estate should be sold subject to the Court's determination of whether Debtors were entitled to immediately receive their applicable real estate exemption from the proceeds of the closing or whether Debtors' entitlement to receive the cash representing their exemptible interest in the real estate would be deferred until Debtors successfully complete their Chapter 13 Plans. Because the legal issues are identical the cases are consolidated for the purposes of this opinion.

### FINDINGS OF FACT—MATTIE M. DEEBLE

Debtor's case was filed June 11, 1992. At the time her case was filed, Debtor revealed ownership in a three bedroom one and a half bath home located in Chatham County, Georgia. Debtor estimated the property's value at $57,000.00 and claimed a $5,400.00 exemption in it under O.C.G.A. Section 44–13–100. Debtor's plan was confirmed October 28, 1992. On January 25, 1994, Debtor filed a Motion to sell the subject real property pursuant to a real estate sales contract which

provided that the purchaser would pay Debtor $10,000.00 equity and would assume the balance of her mortgage indebtedness. Debtor sought Court authority to sell the real property, prayed that her exemptible interest in real estate of $5,400.00 be set aside and proposed that the balance of the funds after these deductions be remitted to the Chapter 13 Trustee. The Court entered an Order on March 28, 1994, authorizing the sale of the property in accordance with the contract, but requiring that all funds received after payment of reasonable closing costs be paid to her attorney to be held in trust pending further order of the Court on the issue of her exemptible interest.

### FINDINGS OF FACT—DAVID McBRIDE

Debtor's case was filed September 22, 1993. At the time Debtor's case was filed, he revealed that he owned a four bedroom, two bath home located in Chatham County, Georgia, which was valued at $106,000.00 subject to a first mortgage of slightly over $82,000.00. Debtor claimed the net equity of $23,733.00 to be exempt under O.C.G.A. Section 44–13–100. On September 24, 1993, Debtor filed a Motion to sell this real property for a contract price of $107,000.00 and prayed that he be allowed to retain his exemptible interest in the real property of $5,400.00. Debtor further revealed that he was involved in a pending divorce action with respect to which his wife had filed a Notice of *lis pendens* and stated in his pleadings that it would be necessary for the Chapter 13 Trustee to hold all funds until the domestic relations issues were resolved and a division of the funds could be made as between him and his estranged spouse. On October 13, 1993, a hearing was conducted before the Honorable John S. Dalis, Judge of this Court, concerning Debtor's Motion for authority to sell. Judge Dalis, by Order entered on October 15, 1993, authorized the sale for $107,000.00 but provided that all proceeds, less customary closing costs and lien claims, "shall be paid to the Chapter 13 Trustee subject to further judicial determination." Subsequently the Chapter 13 Trustee filed an objection to Debtor's claim of exemption. On February 23, 1994, Debtor filed amended claims of exemption seeking to exempt only $5,400.00 from the proceeds arising out of the sale of the residence.

### CONCLUSIONS OF LAW

11 U.S.C. Section 522(b)(1) provides that an individual debtor may exempt from property of the estate property listed in subsection (d) of Section 522, unless prohibited by State law, in which case Debtor may exempt property according to applicable state or local law of the debtor's domicile. Georgia has opted out of the federal exemption scheme and has adopted exemptions found in O.C.G.A. Section 44–13–100. That Code section permits an exemption, in relevant part, as follows:

> Any debtor who is a natural person may exempt ... for the purposes of bankruptcy, the following property:
>
> (1) The debtor's aggregate interest not to exceed $5,000 in value in real property;
>
> (6) The debtor's aggregate interest not to exceed $400 in value ... in any property.

Accordingly, the debtor may apply a total of up to $5,400.00 in exemptions on account of real estate vested in the debtor's name as of the date of filing of the bankruptcy case. By its terms, section 44–13–100(a) creates these and other exemptions specifically "for the purposes of bankruptcy." In subsection (c), however, the exemptions "are extended to intestate insolvent estates in all cases where there is a living widow or child of the intestate." Thus, the exemptions of section 44–13–100 are available only to an individual who is in bankruptcy or who was a dependent of an insolvent intestate. The narrow issue in these cases is, at what point in time in a bankruptcy case may a debtor receive the benefit of the exemption provided by Georgia law. I conclude that there is no non-bankruptcy protection provided under Section 44–13–100 against levy, except in a case where there is an insolvent intestate estate. From the facts before me it is clear that there is no such insolvent intestate estate in either case, and thus, the interpretation of the effect of the claiming of the exemption and the timing of its receipt by the debtor is a matter purely of federal, rather than state, law.

Both the Trustee and Debtors' counsel requested and were granted the opportunity to brief the issue before me. Neither attorney has contended that there is any precedent to guide the Court's decision in this matter, and so I treat it as a matter of first impression. Debtors' counsel argues vigorously that to delay the Debtors' receipt of these funds violates the intent of the Bankruptcy Code to provide the debtor with a fresh start. The Chapter 13 Trustee, in contrast, relies upon the decision in this District of the Honorable John S. Dalis in the case of *In re Holiday, et al.*, Ch. 13 No. 91–10426, slip op., 1993 WL 733165 (Bankr.S.D.Ga. March 30, 1993). While conceding that the facts are distinguishable from the present case, the Trustee argues, and I agree, that the rationale of *Holiday* is persuasive. In *Holiday*, the debtors' Chapter 13 plans provided that the claim of a secured creditor was to be bifurcated based upon debtors' valuation of the property pledged as security, and that the Chapter 13 Trustee should pay a portion of the claim in full, as a secured claim, and the balance as a general unsecured claim which would receive a pro-rata distribution. The plan further provided that:

> Once the allowed secured claim has been paid in full, either during or after the pendency of this case, the creditor holding such claim shall promptly mark any lien securing such claim as satisfied in the appropriate public records and shall surrender to the debtor(s) all necessary lien cancellations, including certificates of title to motor vehicles with the lien released, if appropriate. This provision shall not apply to claims which are non-dischargeable under 11 U.S.C. § 1328(a).

*Holiday supra* at 4 (emphasis omitted).

The creditor objected to this treatment inasmuch as it anticipated correctly that its secured claim would be paid by the Chapter 13 Trustee prior to the time that the entire unsecured dividend was paid. As a result, the creditor anticipated that it would be required to relinquish its lien and its certificate of title in the vehicle prior to the time the debtor completed all plan payments and received a discharge. Judge Dalis concluded that a debtor is not entitled to the benefits flowing to a Chapter 13 debtor prior to the time the debtor fulfills all of his or her obligations pursuant to the confirmed plan. To rule otherwise was contrary to the provisions of 11 U.S.C. Section 349(b) and would be contrary to the "underlying spirit and purpose of Chapter 13." *Id.* at 8. He ruled that Chapter 13 does not contemplate a "piecemeal approach" to plan completion, and denied confirmation. *Id.* His rationale is equally compelling on the facts before me.

11 U.S.C. Section 522(c) provides that "*unless the case is dismissed,* property exempted under this section is not liable during or after the case for any debt of the debtor that arose ... before commencement of the case" with certain exceptions that are not relevant herein. Thus, this provision expressly predicates a debtor's ability to claim property as exempt upon the case not being dismissed, that is, upon its progressing to a successful conclusion. In the Chapter 7 context, once the deadline during which time creditors may file objections to discharge or complaints to determine dischargeability has passed, a discharge is ordinarily entered without undue delay. *See* Fed.R.Bankr.P. 4004(c). The allowance of Debtor's claim of exempt property invariably comes *after* the discharge is entered, at a time when no remaining grounds exist for any party to seek dismissal of the case, and immediately prior to the closing of the case. Even if exempt property has been delivered to the debtor, the debtor's case may not be dismissed without prior notice under 11 U.S.C. Section 707(a) and, as a result, the Court may refuse to dismiss a case if the Debtor fails to account to creditors for the exempt property previously received.

In Chapter 13, however, a debtor has the absolute right to voluntarily dismiss the case at any time while it is pending, or alternatively, a creditor or the trustee may file a motion to dismiss a Chapter 13 in which there has been a material default. 11 U.S.C. § 1307. A Chapter 13 case may remain active for up to 5 years. 11 U.S.C. § 1322(c). Therefore, permitting a debtor to collect his or her exemption prior to the conclusion of the case may result in the debtor receiving substantial funds while remaining under

bankruptcy protection for many months. At any time the debtor may elect to voluntarily dismiss the Chapter 13 case. Such a debtor would have benefitted fully from the exemption, without the *quid pro quo* anticipated in the Code of final payment in accordance with debtor's confirmed plan. Upon dismissal, creditors could levy upon any funds remaining but that theoretical remedy may well be a hollow promise if the debtor has already spent the funds. Such a result would be violative of Section 522(c) and the spirit and purpose of Chapter 13. Clearly, Section 522 contemplates that exempt property is placed beyond the reach of creditors "unless the case is dismissed." To effectuate that condition, a Debtor's realization of a claim of exempt property must be contemporaneous with completion of the case, which in a Chapter 13 case, occurs when all payments under the plan have been completed and a discharge has been entered or is to be entered subject only to minor delays in performance of ministerial acts. So long as the case is pending and payments are still due to be made under the terms of a confirmed plan, however, permitting the debtor to realize the benefits of the exemption would be equally as offensive to the spirit and purpose of bankruptcy envisioned by Title 11 as that which was disapproved by Judge Dalis in the *Holiday* decision.

Accordingly, I hold that the funds remaining in the hands of the Chapter 13 Trustee which are subject to allowed claims of exemption of the respective Debtors be retained by the Chapter 13 Trustee until the conclusion of all payments called for by the terms of the confirmed plan.

### ORDER

#### *David McBride*

Pursuant to the foregoing Findings of Fact and Conclusions of Law, IT IS THE ORDER OF THIS COURT that the funds remaining in the hands of the Chapter 13 Trustee which are subject to the allowed claim of exemption of David McBride shall be retained by the Chapter 13 Trustee until the conclusion of all payments called for by the terms of his confirmed plan.

FURTHER ORDERED that at the conclusion of all payments and as a final disbursement prior to the Trustee filing her notice of final accounting, the Trustee is authorized and directed to remit said sums to David McBride and forward the case to the Clerk's Office for entry of an order of discharge and closing.

### ORDER

#### *Mattie M. Deeble*

Pursuant to the foregoing Findings of Fact and Conclusions of Law, IT IS THE ORDER OF THIS COURT that Debtor's counsel, R. Wade Gastin, remit to the Chapter 13 Trustee the sum of $5,400.00 to be retained by the Chapter 13 Trustee until the conclusion of all payments called for by the terms of her confirmed plan.

FURTHER ORDERED that at the conclusion of all payments and as a final disbursement prior to the Trustee filing her notice of final accounting, the Trustee is authorized and directed to remit said sums to Mattie M. Deeble and forward the case to the Clerk's Office for entry of an order of discharge and closing.