In the Matter of Jesse S. GAMBLE, Jr., Sandra M. Gamble, Debtors.

Bankruptcy No. 96–21148.

United States Bankruptcy Court,
S.D. Georgia,
Brunswick Division.

March 3, 1997.

William S. Orange, III, Brunswick, GA, for plaintiff.

Sylvia Ford Brown, Savannah, GA, Chapter 13 Trustee.

### ORDER ON DEBTORS' MOTION TO TURNOVER EXEMPT PROPERTY

LAMAR W. DAVIS, Jr., Bankruptcy Judge.

Debtors' case was filed October 11, 1996. Debtors' Schedule "C" claimed $10,800.00 as exempt property representing their equity in a residence located in Illinois. On November 8, 1996, Debtors sought approval of a sale of that real estate, post-petition which closed on October 18, 1996. The gross proceeds of sale

totaled $150,000.00 and after all debts and expenses of sale, net proceeds remained in the amount of $6,731.22. By order dated December 10, 1996, the Honorable James D. Walker, Jr., approved the sale and provided that the net proceeds be held pending further order of court in light of this court's prior rulings. *See Matter of Deeble & McBride,* 169 B.R. 240 (Bankr.S.D.Ga.1994).

Debtors filed their Motion for Turnover on December 23, 1996, and a hearing to consider the distribution of proceeds was held on January 14, 1997. Debtors acknowledge that precedent in this Court as exemplified by *Deeble* requires the Chapter 13 Trustee to hold the cash proceeds of debtors' exemption "until the conclusion of all payments called for by the terms of [debtor's] confirmed plan." Debtors' assert in their motion filed December 23, 1996, however, that (1) the proceeds have been exempted, (2) that the exemption is not property of the estate, (3) that the property "will never become" property of the estate, and (4) that *Deeble* is erroneous and should not be followed.

■■■ At oral argument, Debtors' counsel cited *Taylor v. Freeland & Kronz,* 503 U.S. 638, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992), as authority for the proposition that Debtors' exemption cannot be contested, inasmuch as Debtors claimed this equity as exempt, and no objection to the exemption was filed. I agree that *Taylor* so holds. I also hold that no objection to Debtors' claim of exemption can now be entertained, since none was filed within the thirty (30) day time allowed under Rule 4003(b).

The question remains: What is the appropriate disposition of exempt property during the pendency of a Chapter 13 case? Does *Taylor,* as argued by Debtors, require a finding that property claimed as exempt, to which no objection has been filed, must be immediately delivered to the debtors? Or does the exemption remain inchoate, pending other events, as I held in *Deeble?*[1] After

---

1. The heart of that order is repeated herein:

11 U.S.C. Section 522(c) provides that "unless the case is dismissed, property exempted under this section is not liable during or after the case for any debt of the debtor that arose ... before commencement of the case" with certain exemptions that are not relevant herein. Thus, this provision expressly predicates a debtor's ability to claim property as exempt upon the case not being dismissed, that is, upon its progressing to a successful conclusion. In the Chapter 7 context, once the deadline during which time creditors may file objections to discharge or complaints to determine dischargeability has passed, a discharge is ordinarily entered without undue delay. *See* Fed.R.Bankr.P. 4004(c). The allowance of Debtor's claim of exempt property invariably comes after the discharge is entered, at a time when no remaining grounds exist for any party to seek dismissal of the case, and immediately prior to the closing of the case. Even if exempt property has been delivered to the debtor, the debtor's case may not be dismissed without prior notice under 11 U.S.C. Section 707(a) and, as a result, the Court may refuse to dismiss a case if the Debtor fails to account to creditors for the exempt property previously received.

In Chapter 13, however, a debtor has the absolute right to voluntarily dismiss the case at any time while it is pending, or alternatively, a creditor or the trustee may file a motion to dismiss a Chapter 13 in which there has been a material default. 11 U.S.C. at 1307. A Chapter 13 case may remain active for up to 5 years. 11 U.S.C. at 1322(c). Therefore, permitting a debtor to collect his or her exemption prior to the conclu-

sion of the case may result in the debtor receiving substantial funds while remaining under bankruptcy protection for many months. At any time the debtor may elect to voluntarily dismiss the Chapter 13 case. Such a debtor would have benefitted fully from the exemption, without the quid pro quo anticipated in the Code of final payment in accordance with debtor's confirmed plan. Upon dismissal, creditors could levy upon any funds remaining but that theoretical remedy may well be a hollow promise if the debtor has already spent the funds. Such a result would be violative of Section 522(c) and the spirit and purpose of Chapter 13. Clearly, Section 522 contemplates that exempt property is placed beyond the reach of creditors "unless the case is dismissed." To effectuate that condition, a debtor's realization of a claim of exempt property must be contemporaneous with completion of the case, which in a Chapter 13 case, occurs when all payments under the plan have been completed and a discharge has been entered or is to be entered subject only to minor delays in performance of ministerial acts. So long as the case is pending and payments are still due to be made under the terms of a confirmed plan, however, permitting the debtor to realize the benefits of the exemption would be equally as offensive to the spirit and purpose of bankruptcy envisioned by Title 11 as that which was disapproved by Judge Dalis in the *Holiday* decision.

Accordingly, I hold that the funds remaining in the hands of the Chapter 13 Trustee which are subject to allowed claims of exemption of the respective Debtors be retained by the Chapter 13 Trustee until the conclusion of all payments called for by the terms of the confirmed plan.

revisiting those cases, and considering the argument that *Taylor* requires a different result, I hold that the *Deeble* rationale is still correct. Now as then, no authority has been cited which controls this decision.

■ A threshold question is whether property claimed as exempt ever constituted property of the estate. Debtors argue that the claimed exemption is not and never will be property of the estate. This is incorrect. 11 U.S.C. Section 541 defines property of the estate, in relevant part, as follows:

(a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property . . .

(1) . . . all legal or equitable interests of the debtor in property as of the commencement of the case.

(6) Proceeds . . . of . . . property of the estate. . . .

11 U.S.C. § 541(a)(1), (6). This clearly includes the real estate which Debtors owned at the commencement of the case. Thus, contrary to Debtors' assertion, this real estate and proceeds of this real estate constitute estate property. Debtors are granted the right to "exempt from property of the estate" certain types and values of property. 11 U.S.C. § 522(b). Georgia, as permitted by the Code, has adopted its own schedule of exemptible property. O.C.G.A. § 44–13–100. It was Debtors' election whether to claim their equity in real estate as exempt, and they did. No party in interest filed a timely objection, and the exemption cannot be objected to after thirty (30) days. *Taylor, supra.* However, as I read *Taylor*, it does not establish the timing of delivery of possession of exempt property, but rather governs the timing of objections to claims of exemption. The legal effect of an unassailable claim of exemption must be found elsewhere.

What then is the effect of an unobjectionable claim of exempt property? In other words, what does it mean for property to become "exempt" from property of the estate? In a Chapter 7 case, only unencumbered property of the estate is distributed to pay creditors. *See* 11 U.S.C. §§ 725, 726. Logically enough, exempt property is not distributed to creditors. But does the Code

specifically provide the legal consequence of a claim of exempt property, or state when vesting of that property is final? The only provision that defines the effect and timing of exemptions of which I am aware is Section 522(c) which provides:

(c) Unless the case is dismissed, property exempted under this section is not liable during or after the case for any debt of the debtor that arose . . . before the commencement of the case. . . .

This language, which I consider pivotal, is the operative language which defines a debtor's rights in exempt property. Section 522(c) provides that as to property which is exempted, no pre-petition claim attaches to it, *unless the case is dismissed.* If the case is dismissed, however, the Code is silent as to the legal effect of a claim of exemption. Since after a dismissal, however, the Code provides no similar protection against creditors' claims, the exemption presumably is a nullity, even if there was no objection to its allowance. The issue, after dismissal, is not whether the type of property or its value was exemptible, but whether the claim of exemption itself is efficacious. I hold that it is not, because the phrase "unless the case is dismissed" qualifies the phrase which defines the legal effect of the exemption. This is not the only example of dismissal of a case altering substantive rights of the parties. For example, 11 U.S.C. Section 349 reinstates virtually all avoided liens and transfers and vacates all orders for turnover of estate property in an apparent attempt to "un-ring the bell" and return the debtor/creditor relationship to the *status quo ante.*

■ It first appears inconsistent to hold, as *Taylor* does, that after thirty (30) days "property claimed as exempt . . . . is exempt," while suggesting that a subsequent event may alter that result. It is, however, no more metaphysical an exercise than the traditional property law concept of estates which are vested, subject to divestment upon the occurrence of a condition subsequent. *See generally* O.C.G.A. § 44–6–41. Upon dismissal of a case, the Code provides that lots of things happen, and, among them, that once-exempt property is no longer free of the

claims of pre-petition creditors. 11 U.S.C. §§ 349 and 522(c). In conclusion, I hold that property claimed exempt is property of the estate at filing. Upon resolution of any objection to the claim of exemption, it is carved out of the estate, but is not freed from the claims of pre-petition creditors until the case is concluded—and thus cannot be dismissed.

How then is exempt property to be administered in a Chapter 13 case? As pointed out in *Deeble*, Section 522 works better in a Chapter 7 case. The case is filed, an estate is created,[2] the creditors meet,[3] the trustee collects assets,[4] determines whether to oppose discharge,[5] creditors have a similar opportunity,[6] burdensome property is abandoned,[7] unencumbered assets are paid to creditors,[8] the debtor's discharge is entered and the case is closed.[9] Dismissal of a Chapter 7 case occurs only after notice to creditors and is controlled by the Court.[10] Debtor's receipt of the value of exempt property is closely supervised and timed to correspond to the completion and closing of the case. Debtors cannot dismiss and avoid the burdens of Chapter 7 while retaining the enjoyment of one of its benefits, the value of exempt property. In other words, they do not receive a present possessory interest in exempt property until it is certain that dismissal, cannot occur, or at least cannot occur without being conditioned on the debtor accounting for previously-received exempt property.

■ Chapter 13 is, however, very different. After confirmation, estate property, which includes debtors' post-petition earnings, is vested in the *debtor*. 11 U.S.C. § 1327(b). Debtors apparently contend that this provision evidences the Code's intent that *exempt* property should also be vested in Debtors upon confirmation. At first glance, section 1327 does appear to contradict the *Deeble* holding that the Trustee should hold exempt funds until plan completion. A closer reading of Section 522 makes it clear, however, that there is no contradiction. The debtor's exercise of an exemption "exempt[s] from property of the estate ... the property listed...." In other words, it reduces estate property by the amount of the exempt property. Then, when confirmation revests property of the estate in the debtor, the property which was estate property at filing no longer includes the property carved out of the estate as exempt. As a result, exempt property is not revested in the debtor upon confirmation under Section 1327.

■ Congress thus provided that property exempted in Chapter 13 be placed, in effect, in suspense, pending completion of the plan. It was to be removed from the estate which revests in debtor upon confirmation, yet its release from pre-petition claims remains subject to the "unless the case is dismissed" qualifier. The reason is clear. Debtors have the right to dismiss a Chapter 13 case at any time. 11 U.S.C. § 1307(b). To hold that exempt property revests in debtors at confirmation and allow unfettered use of the property would, *defacto* or *dejure*, potentially result in property being placed beyond the reach of creditors' claims prior to the time that debtor's Chapter 13 plan is consummated by distribution of the monthly payments of debtor's disposable income.[11] To avoid this injustice, I hold that the Code contemplates that possessory enjoyment of debtors exemptions be postponed, contingent on fu-

---

2. *See* 11 U.S.C. § 541.

3. *See* 11 U.S.C. § 341.

4. *See* 11 U.S.C. § 542.

5. *See* 11 U.S.C. § 727.

6. *See* 11 U.S.C. §§ 523, 727.

7. *See* 11 U.S.C. § 554.

8. *See* 11 U.S.C. § 726.

9. *See* 11 U.S.C. § 727; Fed.R.Bankr.P. 4004(c).

10. *See* 11 U.S.C. § 707.

11. This order governs only exempt property which is in the form of cash. Non-cash exempt property poses no similar risk. Tangible property which is not sold and converted to cash remains estate property to the extent its value exceeds the exemption and debtors are vested in it at confirmation. Upon dismissal, the property is immediately subject to creditors' remedies. Exempt property such as personal effects and clothing of nominal value, while also subject to the Section 522(c) qualifier is normally of inconsequential value and can be abandoned by the Trustee as burdensome. 11 U.S.C. § 554.

ture payments. Pending completion of a Chapter 13 case, exempt property which has been converted to cash must remain in safekeeping to fulfill the Congressional purpose of allowing certain exemptions, yet making them conditional upon debtor's performance of all duties imposed by the Code. I hold that the appropriate repository for the safekeeping of such funds is the Chapter 13 Trustee.

Once a debtor files a claim of exempt property and objections are not filed, or are resolved, exempt property is removed from the estate, eventually to be freed of creditors' claims. Until it is, however, it must be safeguarded and preserved in the event of a dismissal, in order to permit those claims to attach. At confirmation, all remaining estate property revests in debtor. Upon completion of the plan, when debtor has fulfilled all his or her obligations, the Trustee is authorized to remit the proceeds of exempt property to debtor. These proceeds, and all other exempt property are free, pursuant to Section 522, from the claims of pre-petition creditors.

**IT IS THEREFORE THE ORDER OF THIS COURT** that Debtors' Motion for Immediate Disbursement of Exempt Proceeds is denied.