**In the Matter of Melanie Velencia HERRING, Debtor.**

**Melanie Velencia HERRING, Plaintiff,**

v.

**UNITED STATES of America INTERNAL REVENUE SERVICE, Defendant.**

**Bankruptcy No. N96–13894–WHD. Adversary No. 97–1003N.**

United States Bankruptcy Court, N.D. Georgia, Newnan Division.

July 31, 1997.

Jacquelyn L. Kneidel, Newnan, Georgia, for plaintiff.

William L. Blagg, Special Assistant U.S. Attorney, Atlanta, Georgia, for defendant.

## ORDER

W. HOMER DRAKE, Jr., Bankruptcy Judge.

Now before the Court in these proceedings are cross Motions for Summary Judgment by the United States of America, Internal Revenue Service (hereinafter "the Creditor"), and by Melanie Velencia Herring (hereinafter "the Debtor"). These two Motions come as part of a "Complaint to Avoid Preferential Transfer" which the Debtor has filed in the course of her Chapter 13 bankruptcy case. As such, this matter falls within the subject matter jurisdiction of the Court, *see* 28 U.S.C. § 157(b)(2)(F), and it shall be disposed of in accordance with the Findings of Fact and Conclusions of Law that follow.

### FINDINGS OF FACT

This controversy turns primarily upon legal issues, and the facts behind it are neither complicated nor contested. The Debtor did not file an individual federal tax return for either the taxable year 1993 or 1994. The I.R.S. thereafter mailed written requests that such returns be filed, to which the Debtor responded with a series of written "tax protestor" contentions, including an assertion that she is not a taxpayer required to file such returns. In response, the I.R.S. prepared a 1993 return for the Debtor, assessing tax liability of $10,058.00, plus interest and penalties, against her. The Debtor thereafter continued in her refusal to cooperate with the tax authorities and, on June 3, 1996, the I.R.S. mailed her a Notice of Intent to Levy. In November of that year, the I.R.S. levied upon the Debtor's wages from the United States Postal Service, thereby obtaining $1,105.30 which it applied in partial satisfaction of her 1993 tax liability.

Subsequently, on December 13, 1996, the Debtor filed a petition under Chapter 13 of the Bankruptcy Code. In the wake of that filing, she also commenced the present adversary proceeding, seeking to recover those funds that the I.R.S. levied from her wages. In particular, the Debtor has contended that the I.R.S. levy amounted to an involuntarily preferential transfer, as defined by 11 U.S.C. § 547(b), and as such she contends that the funds in question must be returned to her without delay.

In response, the I.R.S. concedes that the levy falls within the definition of an avoidably preferential transfer under Code section 547(b).[1] Nevertheless, it challenges both the Debtor's standing to bring such an action and the extent to which the funds should be returned to the Debtor, even if they were preferentially transferred. It is on these narrow legal questions that the parties have submitted the matter for the Court's determination through cross Motions for Summary Judgment.

### CONCLUSIONS OF LAW

#### I. The Summary Judgment Standard.

■ In accordance with Federal Rule of Bankruptcy Procedure 7056, which incorporates Federal Rule of Civil Procedure 56, this Court will grant a motion for summary judgment only in the absence of any material issue of fact, so as to make the movant entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The movant has the burden to establish that no such factual issue exists, *id.* at 324, 106 S.Ct. 2548, and the Court will read the opposing party's pleadings liberally. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). As a drastic

---

1. The Bankruptcy Code provides as follows:

Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property—
  (1) to or for the benefit of a creditor;
  (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
  (3) made while the debtor was insolvent;
  (4) made—
    (A) on or within 90 days before the date of the filing of the petition; or

    (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time was an insider; and
  (5) that enables such creditor to receive more than such creditor would receive if—
    (A) the case were a case under Chapter 7 of this title;
    (B) the transfer had not been made; and
    (C) such creditor received payment of such debt to the extent provided by the provisions of this title.
11 U.S.C. § 547(b).

remedy, summary judgment only will be granted when there is no room for controversy. *United States v. Earhart (In re Earhart)*, 68 B.R. 14, 15 (Bankr.N.D.Iowa 1986); *Sell v. Heath (In re Heath)*, 60 B.R. 338, 339 (Bankr.D.Colo.1986).

## II. The Standing of a Chapter 13 Debtor to Pursue the Avoidance of Pre–Petition Transfers Under Code Section 547(b).

■■■ As a matter of default, standing to avoid preferential transfers lies with the Trustee rather than a bankruptcy debtor. *See* 11 U.S.C. § 550(a). The debtor may, however, bring such actions pursuant to Code section 522(h), which provides in relevant part:

> The debtor may avoid a transfer of property of the debtor or recover a setoff to the extent that the debtor could have exempted such property under subsection (g)(1) of this section if the trustee had avoided such transfer, if—
>
> > (1) such transfer is avoidable by the trustee under section ... 547 of this title ...; and
> >
> > (2) the trustee does not attempt to avoid such transfer.

11 U.S.C. § 522(h). In application, section 522(h) allows the debtor to avoid certain transfers of exempt property, provided that five conditions are met: (1) the transfer cannot have been a voluntary transfer of property by the debtor; (2) the debtor cannot have concealed the property; (3) the trustee cannot have attempted to avoid the transfer; (4) the debtor must exercise an avoidance power usually used by the trustee that is listed within section 522(h); and (5) the transferred property must be of a kind that the debtor would have been able to exempt from the estate if the trustee (as opposed to the debtor) had avoided the transfer pursuant to one of the statutory provisions in section 522(g). *See* 11 U.S.C. §§ 522(g) and (h); *see also DeMarah v. United States (In re DeMarah)*, 62 F.3d 1248, 1250 (9th Cir.1995); *Carter v. H & B Jewelry & Loan (In re Carter)*, 209 B.R. 732 (Bankr.D.Or.1997).

Here, the parties agree that the transfer at issue was not voluntarily made and that it is subject to avoidance under section 547. Furthermore, although she has vigorously denied her tax liability in the face of clear authority to the contrary, the Debtor never appears to have gone so far as to hide property from her creditors.[2] Likewise, the Court takes judicial notice of the fact that the Debtor has claimed the funds at issue as exempt and that the Trustee has not independently pursued avoidance. In view of these facts, it can hardly be questioned that the debtor has standing to bring this action and avoid this prepetition transfer under section 522(h). *See Williams v. Jeffcoat (In re Williams)*, 1997 WL 252649, at *3, Nos. 96–37172, 97–4030 (Bankr.W.D.Tenn. April 24, 1997).

## III. The Proper Disposition and Custody of Any Funds Subjected to Transfer Avoidance by Virtue of this Proceeding.

■■■ Merely having established that the I.R.S. levy may be avoided as a preference and that the Debtor has standing to pursue such an action will not end the controversy generated by this proceeding, however. Rather, the Court must also determine the extent to which the Debtor may demand immediate possession of the funds so recovered. As the parties have observed, this issue begets concerns of both a legal and a pragmatic nature.

For example, the Court must be concerned at least to some extent with the potential for debtor abuse in such circumstances. As Judge Davis has thoughtfully reasoned:

> In Chapter 13 ... a debtor has the absolute right to voluntarily dismiss the case at any time while it is pending, or alternatively, a creditor or the trustee may file a motion to dismiss a Chapter 13 in which there has been a material default. 11 U.S.C. § 1307. A Chapter 13 case may remain active for up to 5 years. 11 U.S.C. § 1322(c). Therefore, permitting a debtor to collect his or her exemption prior to the

---

**2.** At worst, the Debtor has concealed or vexatiously contested a known liability. This does not amount to a concealment of property.

conclusion of the case may result in the debtor receiving substantial funds while remaining under bankruptcy protection for many months. At any time the debtor may elect to voluntarily dismiss the Chapter 13 case. Such a debtor would have benefitted fully from the exemption, without the quid pro quo anticipated in the Code of final payment in accordance with debtor's confirmed plan. Upon dismissal, creditors could levy upon any funds remaining but that theoretical remedy may well be a hollow promise if the debtor has already spent the funds. Such a result would be violative of Section 522(c) and the spirit and purpose of Chapter 13. Clearly, Section 522 contemplates that exempt property is placed beyond the reach of creditors "unless the case is dismissed." To effectuate that condition, a Debtor's realization of a claim of exempt property must be contemporaneous with completion of the case, which in a Chapter 13 case, occurs when all payments under the plan have been completed and a discharge has been entered or is to be entered subject only to minor delays in performance of ministerial acts.

*In re Deeble,* 169 B.R. 240, 242 (Bankr. S.D.Ga.1994). These concerns have obvious merit, and it can easily be understood why courts have directed that exempt assets occasionally should be held by the Chapter 13 Trustee pending a case's completion. *See id.; see also In re Gamble,* 208 B.R. 598, 601–02 (Bankr.S.D.Ga.1997).

Aside from such concerns, however, the Debtor's right to the funds at issue in this case turns upon a series of legal questions that have yet to be presented for the Court's decision. The Bankruptcy Code specifically excepts from the Debtor's right to free use and enjoyment of such monies claims related to debts "of a kind specified in section 523(a)(1)" of the Code. *See* 11 U.S.C. § 522(c)(1). Moreover, no proceeding has yet been commenced to determine the applicability of section 523(a)(1) to the tax debts here at issue.[3] Thus, it cannot presently be said that the Debtor has a right to turnover and possession of the levied funds. *See United States v. Mathews (In re Mathews),* 209 B.R. 218, 222 (6th Cir. BAP 1997) (in ordering turnover of wages collected by I.R.S. by prepetition levy, bankruptcy court erred by failing to consider the applicability of Code sections 522(c) and 523(a)(1)).

In view of this fact and the more fundamentally compelling nature of Judge Davis' reasoning on the issue, the Court shall qualify its grant of summary judgment on the primary question of the tax levy's avoidability. While that transfer shall be avoided, the corresponding return of funds by the I.R.S. shall be made to the Chapter 13 Trustee rather than to the Debtor. The Trustee, in turn, shall refrain from turning said funds over to the Debtor, pending completion of the Debtor's case and a finding by the Court that section 523(a)(1) does not apply to the tax debts at issue.

### CONCLUSION

The Court finds Melanie Velencia Herring to hold standing to pursue the instant adversary proceeding and the parties already have conceded that the $1,105.30 wage levy at issue may be avoided as a preferential transfer. *See* 11 U.S.C. § 547(b). Nevertheless, in view of certain policy concerns and unresolved legal questions, the Court must qualify its grant of summary judgment on the primary question of the tax levy's avoidability. It therefore is **ORDERED** that the Motion for Summary Judgment by the United States of America, Internal Revenue Service, and the Motion for Summary Judgment by

---

**3.** Section 523(a)(1) provides:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(1) for a tax or a customs duty—

(A) of the kind and for the periods specified in section 507(a)(2) or 507(a)(8) of this title, whether or not a claim for such tax was filed or allowed;

(B) with respect to which a return, if required—

(i) was not filed; or

(ii) was filed after the date on which such return was last due, under applicable law or under any extension, and after two years before the date of the filing of the petition; or

(C) with respect to which the debtor made a fraudulent return or willfully attempted in any manner to evade or defeat such tax;

11 U.S.C. § 523(a)(1).

Melanie Velencia Herring each are **GRANTED IN PART** and **DENIED IN PART,** under the following terms:

(1) the $1,105.30 wage levy made upon the Debtor's November 1996 United States Postal Service salary is avoided as a preferential transfer pursuant to 11 U.S.C. § 547(b);

(2) while that transfer shall be avoided, the corresponding return of funds by the I.R.S. shall be made to the Chapter 13 Trustee rather than to the Debtor.

(3) the Trustee, in turn, shall refrain from turning said funds over to the Debtor, pending completion of the Debtor's case and a finding by the Court that section 523(a)(1) does not apply to the tax debts at issue.

**IT IS SO ORDERED.**