# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

---

No. 01-6001MN

---

|  |  |  |
|---|---|---|
| In re: | * | |
| | * | |
| Michael J. Belland and | * | |
| Kathy Lee Belland, | * | |
| | * | |
| Debtors, | * | |
| | * | Appeal from the United States |
| | * | Bankruptcy Court for the |
| Kathy Lee Belland | * | District of Minnesota |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | |
| | * | |
| Wells Fargo Home Mortgage, Inc., | * | |
| fka Norwest Mortgage, Inc. | * | |
| | * | |
| Appellee | * | |

---

Submitted: March 30, 2001
Filed: April 23, 2001

---

Before KOGER, Chief Judge, WILLIAM A. HILL, and SCHERMER, Bankruptcy Judges

SCHERMER, Bankruptcy Judge

Kathy Lee Belland (the "Debtor") appeals the bankruptcy court[1] orders granting Wells Fargo Mortgage Inc. f/k/a Norwest Mortgage, Inc.'s (the "Creditor's") motion for relief from the stay and the

---

[1]The Honorable Nancy C. Dreher, United States Bankruptcy Court for the District of Minnesota.

denying the Debtor's motion to reconsider the order lifting the stay. We have jurisdiction over this appeal from the final orders of the bankruptcy court. See 28 U.S.C. § 158(b). For the reasons set forth below, we affirm.

## ISSUE

The issues on appeal are whether the bankruptcy court's findings supporting its orders granting the Creditor's motion to lift the stay and denying the Debtor's motion to reconsider were clearly erroneous. We conclude that there is no basis upon which this Court can reverse the findings of the bankruptcy court.

## BACKGROUND

Michael and Kathy Lee Belland (the "Bellands") filed for chapter 13 bankruptcy relief in May, 1998. Their chapter 13 plan (the "Plan") was confirmed within two months.[2] In March, 1999, the Creditor filed a motion for relief from the automatic stay based on the Bellands' failure to make post-petition mortgage payments. When the Creditor did not appear at the hearing, the court denied the motion. The Bellands and the Creditor then entered into a settlement agreement and stipulated order in April, 1999, allowing the Creditor immediate ex parte relief from the stay upon an affidavit to the court if the Bellands did not submit arrearage payments to the Creditor within a specified period of time. The Bellands did not submit such payments.

While the Creditor had not sought relief from the stay, the Debtor, nevertheless, filed a motion to reinstate the automatic stay and sought reconsideration of the April, 1999, stipulated order. At the hearing held in May, 1999, the Creditor argued that it was entitled to foreclose on the Bellands' home because the Bellands failed to pay five post-petition mortgage payments that were contemplated in the Plan and in the stipulated order. The Debtor and the Creditor eventually entered into a second stipulated order (the "Stipulation") in May, 1999. The Stipulation provides that the Creditor will grant the Debtor additional time to cure post-petition arrearages and that Debtor must make all future post-petition payments under the Plan. According to the Stipulation, if the Debtor's defaults are not cured within ten days of notice by the Creditor, the Creditor can obtain ex parte relief upon the filing of an affidavit with the bankruptcy court.

---

[2] The Creditor filed a motion for relief from the automatic stay in November, 1998. It subsequently withdrew that motion for relief.

The bankruptcy court granted the Debtor another hearing in November, 2000, on a motion filed by the Debtor that did not specify the relief sought. At the hearing, the court discerned that the Debtor sought reconsideration of relief from the automatic stay. Because relief from the stay had not been requested by the Creditor, the bankruptcy court denied the Debtor's motion.

When the Debtor did not cure the default on her obligation to make payments within ten days of notice from the Creditor in December, 2000, the Creditor filed an affidavit with the bankruptcy court and the court granted the Creditor relief from the stay. The Debtor filed a pro se motion to reconsider the order lifting the stay.[3] The bankruptcy court held a hearing on January 4, 2001, and ultimately denied the motion to reconsider.

On January 9, 2001, the Debtor filed a timely notice of appeal to the Bankruptcy Appellate Panel. To support her arguments that: (1) the bankruptcy court should not have granted the Creditor relief from the stay in December, 2000; and (2) the bankruptcy court should have granted the Debtor's motion to reconsider, the Debtor filed a brief and transcripts from the May, 1999, November, 2000, and January 4, 2001, hearings. Even after the court extended the deadline for the Debtor to file her brief, she filed the brief late.

## STANDARD OF REVIEW

This Court reviews de novo the bankruptcy court's legal conclusions, and reviews for clear error its findings of fact. Fed. R. Bankr. P. 8013. Gateway Pac. Corp. v. Expeditors Int'l of Washington, Inc., 153 F.3d 915, 917 (8th Cir. 1998); Martin v. Cox (In re Martin), 140 F.3d 806, 807 (8th Cir. 1998); Gourley v. Usery (In re Usery), 123 F.3d 1089, 1093 (8th Cir. 1997). Denial of a motion to reconsider based on the evidence is a factual question to be reviewed for clear error.

## DISCUSSION

Although the Debtor appeals the bankruptcy court's grant of the Creditor's motion for relief from the stay and denial of the Debtor's motion to reconsider, the Debtor fails to specify any basis for reversing the bankruptcy court in her appellate brief. We have reviewed the transcripts from the three bankruptcy

---

[3] The bankruptcy court entered a default judgment granting Curtis K. Walker's motion to withdraw as attorney of record for the Debtors on January 17, 2001.

court hearings and upon thorough review of the record we cannot determine any basis for overturning the trial court's decision. By granting the Debtor numerous opportunities to be heard, the bankruptcy court exercised patience. Nevertheless, nothing in the record submitted by the Debtor would support a holding by this Court that the bankruptcy court's findings were clearly erroneous.

## CONCLUSION

The Debtor failed to demonstrate that the bankruptcy court's orders lifting the stay and denying the Debtor's motion to reconsider were clearly erroneous. For the foregoing reasons, the orders of the bankruptcy court are affirmed.

A true copy.

Attest:

CLERK, U.S. BANKRUPTCY APPELLATE PANEL FOR THE
EIGHTH CIRCUIT