# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

_____

No. 01-6007WM

_____

In re: Myrtle M. Montgomery     \*

       Debtor.     \*

Myrtle M. Montgomery     \*

       Appellant,     \*

       v.     \*

Dennis Joslin Company II, LLC,     \*
by Seasons Mortgage Group, Inc.     \*

       Appellee.     \*

\* Appeal from the United States
\* Bankruptcy Court for the
\* Western District of Missouri

_____

Submitted: April 27, 2001
Filed: June 15, 2001

_____

Before KRESSEL, SCOTT, and KISHEL[1], Bankruptcy Judges.

_____

KISHEL, Bankruptcy Judge

The Debtor, Myrtle M. Montgomery, appeals from the order of the bankruptcy court[2] under which Dennis Joslin Co. II, LLC ("Joslin") received relief from the automatic stay in bankruptcy to pursue its

_____

[1]Gregory F. Kishel, Chief Judge, United States Bankruptcy Court for the District of Minnesota, sitting by designation.

[2]The Hon. Jerry W. Venters, United States Bankruptcy Judge for the Western District of Missouri.

remedies in the Missouri state courts to recover possession of certain real estate. For the reasons set forth below, we affirm the order.

## I. FACTS

Joslin held an interest in the Debtor's Kansas City, Missouri homestead under a deed of trust executed in 1985, to secure the payment of a debt. The Debtor defaulted in payment in mid-2000. Joslin then commenced foreclosure proceedings under Missouri law to realize on its interest pursuant to a power of sale. At 2:00 p.m. on August 3, 2000, the trustee under the deed of trust accepted Joslin's bid-in for the outstanding amount of the debt, and executed a deed in favor of Joslin. At 3:42 p.m. on the same day, the Debtor filed a petition for relief under Chapter 13.

In her plan, the Debtor proposed to pay Joslin the amount of her pre-sale arrearages and to reinstate her status under the deed of trust. Joslin objected to confirmation of the plan and filed a motion for relief from the automatic stay of 11 U.S.C. § 362(a). Under the latter, it asserted the status of owner of the property pursuant to the trustee's sale, and it sought leave to commence an unlawful detainer proceeding against the Debtor in the Missouri state courts.

On December 18, 2000, the bankruptcy court held a hearing on the motion and the objection to confirmation. In response to the motion for relief from stay, the Debtor's counsel argued that the property and his client's relationship with Joslin could be subjected to the cure-and-reinstatement remedies of Chapter 13 notwithstanding the trustee's sale. At some point, the Debtor's counsel raised the argument that the trustee's sale had worked a constructively-fraudulent transfer avoidable under the Bankruptcy Code and that such avoidance would "allow[] the house to become part of the Chapter 13 Plan ..."[3] At that time, the Debtor had not put this theory into suit via a separate adversary proceeding or lawsuit. The Debtor requested a second hearing in the proceedings on Joslin's motion, for the presentation of evidence on this theory. On January 4, 2001, the bankruptcy court issued an order granting Joslin's motion, without affording the Debtor an evidentiary hearing in that context.

---

[3]The first mention of the Debtor's fraudulent-transfer theory in the record before us lies in her counsel's two-page post-hearing letter-memorandum. The Debtor filed a pre-hearing written response to Joslin's motion, but the record here does not contain a copy of it. We do not have a transcript of the hearing, either.

## II. JURISDICTION

A bankruptcy court's order granting relief from the automatic stay is a final order, appealable of right. *In re Tetherow*, 16 F.3d 1228 (Table), 1994 WL 5649 (8th Cir. 1994); *In re Belland*, 261 B.R. 224, 225 (B.A.P. 8th Cir. 2001). *Cf. In re Apex Oil Co.*, 884 F.2d 343, 347 (8th Cir. 1989) and *In re Leimer*, 724 F.2d 744, 745 (8th Cir. 1984) (order denying motion for relief from stay is final and appealable). *See also In re Dixie Broadcasting, Inc.*, 871 F.2d 1013, 1026 (11th Cir. 1989), *cert. denied*, 493 U.S. 853 (1989); *In re Sun Valley Foods Co.*, 801 F.2d 186, 190 (6th Cir. 1986); *In re Boomgarden*, 780 F.2d 657, 659-660 (7th Cir. 1985); *In re Kemble*, 776 F.2d 802, 805 (9th Cir. 1985); *In re Comer*, 716 F.2d 168, 172 (3d Cir. 1983). Accordingly, we have jurisdiction to hear and determine this appeal. 28 U.S.C. §§158(a)(1) and 158(b)(1).

## III. STANDARD OF REVIEW

On appeal, the bankruptcy court's findings of fact are reviewed for clear error. FED. R. BANKR. P. 8013;[4] *In re Gateway Pacific Corp.*, 153 F.3d 915, 917 (8th Cir. 1998). Its conclusions of law are subject to *de novo* review. *In re Martin*, 140 F.3d 806, 807 (8th Cir. 1998); *In re Usery*, 123 F.3d 1089, 1093 (8th Cir. 1997).

## IV. DISCUSSION

This appeal presents one issue, procedural in nature: Did the bankruptcy court err in not allowing the Debtor to present her fraudulent-transfer theory as a defense to Joslin's motion for relief from stay?

The automatic stay of § 362(a) gives fundamental protection to the debtor and the estate during the pendency of a bankruptcy case. *Small Business Admin. v. Rinehart*, 887 F.2d 165, 168 (8th Cir. 1989). A restraint that arises by operation of law upon the filing of a bankruptcy petition, it prohibits the exercise of nearly all legal and equitable remedies to realize on pre-petition debt or to recover property or

---

[4]The relevant text of this rule is:

> Findings of fact, whether based on oral or documentary evidence, shall not be
> set aside unless clearly erroneous, and due regard shall be given to the
> opportunity of the bankruptcy court to judge the credibility of the witnesses.

property rights from the debtor or the estate. *Id*. at 167-168. The automatic stay is one of the central elements of the Bankruptcy Code's system for administration of estates and cases. H.R. REP. No. 595, 95th Cong. 1st Sess. 174 (1977) and S. REP. No. 989, 95th Cong., 2d Sess. 54-55 (1978).

During the pendency of a bankruptcy case, the automatic stay may be terminated by judicial act, upon a showing under 11 U.S.C. § 362(d). In so providing, Congress explicitly recognized a key point: the proceeding for relief from the stay does not result in a plenary, binding determination on the underlying rights asserted by the movant, or on counterclaims that could be asserted by the party opposing the motion:

> [A]t hearings on relief from the stay, the only issue will be the lack of adequate protection, the debtor's equity in the property, and the necessity of the property to an effective reorganization of the debtor, or the existence of other cause for relief from the stay. This hearing will not be the appropriate time at which to bring in other issues, such as counterclaims against the creditor, which, although relevant to the question of the amount of the debt concern largely collateral or unrelated matters. ...*[A]n action seeking relief from the stay is not the assertion of a claim which would give rise to the right or obligation to assert counterclaims*. Those counterclaims are not to be handled in the summary fashion that the preliminary hearing under this provision will be. Rather, they will be the subject of more complete proceedings by the trustee to recover property of the state or to object to the allowance of a claim. However, this would not preclude the party seeking continuance of the stay from presenting evidence on the existence of claims which the court may consider in exercising its discretion. *What is precluded is a determination of such collateral claims or the merits at the hearing.*

S. REP. No. 989, 95th Cong., 2d Sess. 55 (1978) (emphasis added).

The proceedings on a motion for relief from stay are "summary in character." *In re Vitreous Steel Prods. Co.*, 911 F.2d 1223, 1232 (7th Cir. 1990). The issues are those identified in the text of the governing statute: whether the movant's interest in property of the bankruptcy estate is adequately protected; the existence of other "cause" to terminate the stay, dependent on the facts and circumstances of the individual case; and, in the case of encumbered property of the estate, the existence of equity in it and its necessity to an effective reorganization of the debtor. *In re Vitreous Steel Prods. Co.*, 911 F.2d at 1232; *In re Johnson,* 756 F.2d 738, 740 (9th Cir. 1985), *cert. denied,* 474 U.S. 828 (1985). *See*

4

*Grella v. Salem Five Cent Savings Bank*, 42 F.3d 26, 31 (1st Cir. 1994) ("That the statute sets forth certain grounds for relief and no others indicates Congress'[s] intent that the issues decided . . . on a creditor's motion to lift the stay be limited to these matters. . .").

In its discretion, the court may consider evidence that the movant's interest as secured party or as post-foreclosure owner is potentially vulnerable to avoidance. S. REP. No. 989, 95th Cong., 2d Sess. 55 (1978); *In re Poughkeepsie Hotel Assoc.*, 132 B.R. 287, 291 (Bankr. S.D.N.Y. 1991). Ultimately, this discretion is bound in by the requirement that requests for the determination of the validity, priority, or extent of liens, or for the recovery of property, are to be made via adversary proceeding. FED. R. BANKR. P. 7001(1)-(2); *Grella v. Salem Five Cent Savings Bank*, 43 F.2d at 33. Thus, the substantive consideration of such evidence should stop as soon as it appears that the movant has a "colorable claim" to the property in question. *In re Johnson*, 42 F.3d at 32; *In re Vitreous Steel Prods. Co.*, 911 F.2d at 1234; *In re Quality Electronics Centers, Inc.*, 57 B.R. 288, 290 (Bankr. D.N.M. 1986). Evidence of the alleged infirmity of the movant's secured position or ownership is relevant in a procedural sense, as well; it may aid the fashioning of relief that is best balanced among the competing interests, and that will best promote the goals of the Code chapter under which the debtor filed for bankruptcy relief.[5] However, the consideration cannot result in a preclusive adjudication on the merits of the underlying claim for avoidance. *Grella v. Salem Five Cent Savings Bank*, 42 F.3d at 32; *In re Vitreous Steel Prods. Co.,* 911 F.2d at 1234 (both holding that determination of existence of "colorable claim" in motion for relief from stay cannot preclude litigation on validity or avoidability of creditor's lien, because such issues are not properly raised under § 362(d) and hence were not decided there).

---

[5] Several structures of relief are possible. The *Grella* court suggested that relief from stay could be denied on evidence "that *clearly* refutes a creditor's claim to the property," which could leave the movant to "wait with the other creditors for the estate's administration." 42 F.2d at 34. In result if not form, though, this would come close to a decision on the merits. That would counter the legislative intent. A more congruent alternative would be a *conditional* denial of relief from stay, under requirement that the respondent promptly commence and prosecute its separate litigation. (This result, of course, should be limited to cases where there is a strong suggestion of avoidability or infirmity in the record before the bankruptcy court.) The *Grella* court's other identified alternative would comport with Congress's intentions: a grant of the motion on a finding that "the creditor's claim is sufficiently plausible to allow its prosecution elsewhere," subject to defenses or counterclaims there. 42 F.2d at 34.

In sum, the bankruptcy court should not entertain and decide a respondent's challenge to a movant's underlying post-foreclosure position in the context of a motion for relief from stay, where the movant has a "colorable" claim of ownership after a completed foreclosure sale and the challenge would sound under nonbankruptcy foreclosure law or under 11 U.S.C. §§ 544, 547, or 548. *In re Hernandez*, 244 B.R. 549, 554 (Bankr. D.P.R. 2000).

Here, at the time of the hearing on Joslin's motion, the Debtor had not commenced an action to challenge the finality of the trustee's sale to Joslin, whether via adversary proceeding in bankruptcy or via lawsuit in the Missouri state courts. A separate proceeding like that was the appropriate vehicle to litigate the Debtor's fraudulent-transfer theory. Joslin's motion simply was not. The bankruptcy court did not err in denying the Debtor's request for an evidentiary hearing.

Then, the bankruptcy court did not err in granting Joslin relief from the stay. The Bankruptcy Code expressly prohibited the Debtor from using the cure-and-reinstatement provisions of Chapter 13[6] to unseat Joslin from its status after the trustee's sale. 11 U.S.C. § 1322(c)(1).[7] With bankruptcy remedies

---

[6]The provisions that the Debtor invoked are apparently the much-used ones at 11 U.S.C. §§ 1322(b)(3) and (5). In pertinent part, they allow a plan of debt adjustment to include treatments of creditors' claims that:

(3)     provide for the curing or waiving of any default;

        and

(5)     . . . provide for the curing of any default within a reasonable time and
        maintenance of payments while the case is pending on any . . . secured claim on
        which the last payment is due after the date on which the final payment under
        the plan is due. . . .

[7]In pertinent part, this statute provides:

(c)     Notwithstanding . . . applicable nonbankruptcy law–

        (1) a default with respect to . . . a lien on the debtor's principal residence may
        be cured under [11 U.S.C. §§ 1322(b)(3) and (5)] until such residence is sold
        at a foreclosure sale that is conducted in accordance with applicable
        nonbankruptcy law .   . . .

unavailable to the Debtor, there certainly was no abuse of discretion in granting Joslin's motion straight-up. As the bankruptcy court noted – and as the Debtor's counsel admitted at oral argument – it is still open to her to commence action in the federal or state forum to challenge the trustee's sale,[8] on the basis of Missouri state law or under the fraudulent-transfer theory.

The Debtor, then, still has an opportunity to seek the remedy she claims, subject to the substantive limitations imposed by applicable precedent.[9] She just could not do it in the context presented here. The bankruptcy court did not err in its application of law when it granted relief from stay to Joslin; nor did it abuse its discretion in structuring that relief without qualification or limitation.[10]

---

[8]Both counsel gave much attention to the issue of the debtor's standing to commence such a suit. In the first place, the debtor's right to challenge the sale as defective under Missouri state foreclosure law is personal to her, and she certainly has standing for that. In the second, 11 U.S.C. §§ 522(g)-(h) grant a debtor a derivative right to exercise the trustee's avoiding powers against an involuntary transfer of otherwise-exempt property, and to retain the recovered asset as exempt. To gain standing under the terms of these statutes, a debtor must show that avoidance would lie as a remedy in favor of the trustee, that the trustee did not attempt to avoid the transfer, and that an exemption would be available for the property upon avoidance. *In re James,* 257 B.R. 673, 676 (B.A.P. 8th Cir. 2001); *In re Wade,* 219 B.R. 815, 819 (B.A.P. 8th Cir. 1998); *In re Merrifield,* 214 B.R. 362, 364-365 (B.A.P. 8th Cir. 1997). Sections 522(g)-(h) are part of Chapter 5, a part of the Code that applies to bankruptcy cases generally pursuant to 11 U.S.C. §103(a). Thus, a debtor under Chapter 13 can gain such standing. *In re Hamilton*, 125 F.3d 292, 295-298 (5th Cir. 1997); *Hollar v. United States*, 174 B.R. 198, 203-204 (M.D.N.C. 1994); *In re Willis*, 48 B.R. 295, 298 (S.D. Tex. 1985); *In re Kildow*, 232 B.R. 686, 692-693 (Bankr. S.D. Ohio 1999); *In re Herring*, 224 B.R. 858, 860 (Bankr. N.D. Ga. 1997); *In re McKeever*, 132 B.R. 996, 1000 (Bankr. N.D. Ill. 1991). Joslin argues that the debtor lacks standing because the potential value of homestead equity to be recovered exceeds the $8,000.00 cap imposed by MO. REV. STAT. § 513.475. This argument is somewhat myopic. While a recovery for the Debtor's direct benefit cannot exceed that amount, she unquestionably has the benefit of the power to that extent; the limitation narrows the scope of her *personal* right of recovery, but it does not deprive her of standing. Beyond that, it may be open to the Debtor and the standing trustee in her Chapter 13 case to commence an avoidance proceeding jointly, with the Debtor to later account to the trustee for the recovery in excess of the exemption pursuant to the "best interests of creditors" requirement of 11 U.S.C. § 1325(a)(4).

[9]Specifically, *BFP v. Resolution Trust Corp.*, 511 U.S. 531 (1994).

[10]There is nothing in the record to indicate that Joslin has proceeded in unlawful detainer against the Debtor. Thus, we have assumed that the issue presented here is not moot.

## V.  CONCLUSION

Accordingly, the order of the bankruptcy court is affirmed.

A true copy.

Attest:

CLERK, U.S. BANKRUPTCY APPELLATE
PANEL, EIGHTH CIRCUIT.