**In re Roy Dewayne CLAYPOOL and Judy Evelyn Claypool, Debtors.**

**Bankruptcy No. 90–50188.**

United States Bankruptcy Court,
W.D. Missouri.

Jan. 4, 1991.

Stephen B. Strayer, Liberty, Mo., for debtors.

Frank Wendt, Slagle, Bernard & Gorman, Kansas City, Mo., for Citizens Nat. Bank of Maryville.

## ORDER DENYING CONFIRMATION OF CHAPTER 13 PLAN

ARTHUR B. FEDERMAN, Bankruptcy Judge.

The matters before the Court are the confirmation of Debtors' proposed Chapter 13 Plan and the objection to confirmation of the Citizens National Bank of Maryville. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b), and may enter final orders pursuant to 28 U.S.C. § 157(b)(2). For the reasons stated below, the Court sustains the Bank's objections and denies confirmation of the Chapter 13 Plan.

The parties do not dispute the facts of this case, which was originally filed as a Chapter 12 proceeding and converted to Chapter 13 on September 20, 1990. The Bank claims that it is owed $101,862.73, consisting of principal, accrued interest and costs and fees, which is secured by liens on 240 acres of farm land, farm equipment, machinery, and a pickup truck. In their Chapter 13 Plan, Debtors propose to pay the secured claim of the Bank in full by conveying collateral to the Bank equivalent in value to the amount of the claim. Specifically, Debtors propose to convey 240 acres of real estate previously appraised by the Bank at $100,000, and personal property worth $6,375 in full satisfaction of the Bank's claim. Debtors would retain a pickup truck presently subject to a lien in favor of the Bank. Debtors would also retain 113 acres of unencumbered land free of the claims of the Bank and other creditors.

The values attributed to the Debtors' property were offered by the Bank earlier in the proceeding, and were adopted by the Debtors. The Bank objects to the treatment proposed under Debtors' Plan, wanting instead to sell the collateral to be transferred to it under the Plan and to assert a deficiency, if any, as an unsecured claim after such sale. The Bank argues that the plan violates 11 U.S.C. §§ 1325(a)(4) and (a)(5) in its treatment of the Bank's claim,

and relies upon *In re Stockwell*, 33 B.R. 303, 305 (Bankr.Or.1983).

Evidence as to valuation was presented at the confirmation hearing held on December 13, 1990. The Bank presented testimony to show that the value of its real property collateral would be reduced by 15–20% below the previous appraisal if such property were tendered to the Bank and sold by it, rather than sold by the debtor in the ordinary course of its business. At first blush, it appears that the Bank is valuing the property one way if the property is retained by the debtor, and another if it is surrendered to the Bank. However, that is precisely what is contemplated by Section 506(a) of the Bankruptcy Code, which provides that the value of a secured claim is to be determined in light of the purpose of the valuation and the proposed disposition of the property. And, more importantly, the best test of the value of the Bank's collateral is the price it will bring in the marketplace after it is surrendered to the Bank as proposed by debtor.

The Bank here simply proposes that it be allowed to sell the property in a commercially reasonable manner under Missouri law and, if a deficiency exists after such a sale, to file an unsecured claim for such deficiency. Since the Court concludes that such a sale is the most accurate means of determining the value of the property, in light of its proposed disposition under the Plan, the objection is sustainable on that basis alone.

In addition, the Court concludes that Debtors' Chapter 13 Plan does not satisfy 11 U.S.C. § 1325(a)(4), which requires unsecured creditors to receive under the Plan at least as much as they would receive in a Chapter 7 liquidation. In a Chapter 7, the encumbered property would either be abandoned or sold by the trustee, and the unencumbered property would be sold to satisfy all unsecured claims. If there were an unsecured deficiency claim remaining after sale of the Bank's collateral in Chapter 7, the Bank would receive a pro rata distribution from the proceeds of the unencumbered property, along with the other unsecured creditors. By contrast, if there were

a deficiency remaining after a sale of its collateral under the Debtors' proposed plan, the Bank would not receive anything. Thus, Debtors' Chapter 13 plan does not provide as much as would be received in a Chapter 7 liquidation, and as such, the Plan cannot be confirmed.

Debtor should file an Amended Plan within 15 days. As part of such Plan, and in order to support the feasibility of such Plan, it may be necessary for the Court to estimate the unliquidated unsecured claim of the Bank pursuant to 11 U.S.C. § 502(c). If so, either party may ask that such claim be estimated for purposes of a confirmation hearing, or the parties could agree to allow the claim to be estimated based on the evidence previously offered.

Based upon the above, the objection of Citizens National Bank of Maryville to confirmation of Debtors' proposed Chapter 13 plan is SUSTAINED, and

Confirmation of Debtors' proposed Chapter 13 Plan is DENIED.