In re Carolyn M. WILE, aka Carolyn M.J. Wile, Debtor.

Carolyn M. Wile, William C. Miller, Chapter 13 Trustee, Plaintiffs,

v.

Household Bank, F.S.B., Decision One Mortgage Company, Viking Mortgage Services, Inc., Defendants.

Carolyn M. Wile, William C. Miller, Chapter 13 Trustee, Plaintiffs,

v.

Conseco Finance Consumer Discount Company, Accelerated Mortgage Co., American Home Concepts, Inc., Defendants.

Bankruptcy No. 02–36538DWS.
Adversary Nos. 02–1373, 02–1397.

United States Bankruptcy Court, E.D. Pennsylvania.

May 4, 2004.

David A. Scholl, Esquire, Newtown, PA, for Plaintiffs.

Andrew K. Stutzman, Esquire, Philadelphia, PA, Paul J. Giordano, Esquire, Philadelphia, PA, for Defendants.

Howard Glassman, Esquire, Philadelphia, PA, Chapter 7 Trustee.

Dave P. Adams, Esquire, Philadelphia, PA, United States Trustee.

## *OPINION*

DIANE WEISS SIGMUND, Chief Judge.

Before the Court is Debtor's Motion (1) for Reconsideration of Opinion and Order dated January 9, 2004 ("Reconsideration Motion") and (2) to Transfer Case to Another District ("Transfer Motion") and the objections of Decision One Mortgage Company ("Decision One") to both motions. After notice and hearing, I find no basis to reconsider my January 9 ruling which held that the Chapter 13 case should be dismissed for inability to propose a confirmable plan[1] and granted Fairbanks Capital Corporation ("Fairbanks") relief from stay based on Debtor's failure to

---

1. As the Debtor requested that I convert the case rather than dismiss it, my order accom- modated that request.

make post petition mortgage payments since she commenced these bankruptcy proceedings. I also find no grounds to reconsider or consider anew Debtor's alternative request that I transfer the pending adversary proceedings to the district court.[2]

## DISCUSSION

### A.

Preliminarily I note, as also pointed out by Decision One, that in seeking reconsideration the Debtor does not indicate what rule of procedure she relies upon. As she asks me to vacate my Order "pending consideration of the pertinent law and 'policy'" issues she raises, I too assume her motion is made pursuant to Fed. R.Bankr.P. 9023 incorporating Fed. R.Civ.P. 59(e).

■■■ "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 908 (3d Cir.1985), *cert. denied,* 476 U.S. 1171, 106 S.Ct. 2895, 90 L.Ed.2d 982 (1986). As stated by the court in *Keyes v. National Railroad Passenger Corporation,* 766 F.Supp. 277, 280 (E.D.Pa.1991):

> The purpose of a Rule 59(e) motion is to allow the court to reevaluate the basis of its decision. . . . Motions for reconsideration are not at the disposal of an unsuccessful party to "rehash" the same arguments and facts previously presented.

*See also Reich v. Compton* 834 F.Supp. 753, 755 (E.D.Pa.1993), *aff'd in part, rev'd in part on other grounds,* 57 F.3d 270 (3rd Cir.1995). The court in *Durkin v. Taylor,* 444 F.Supp. 879, 889 (E.D.Va.1977) stated that "[w]hatever may be the purpose of Rule 59(e) it . . . [was not] . . . intended to give the unhappy litigant one additional chance to sway the judge." I am also mindful that "[f]ederal district courts should grant such motions sparingly because of their strong interest in finality of judgment." *Selaras v. M/V Cartagena de Indias,* 959 F.Supp. 270 (E.D.Pa.1997) (*quoting Continental Cas. Co. v. Diversified Indus., Inc.,* 884 F.Supp. 937, 943 (E.D.Pa.1995)).

The thrust of Debtor's argument is that my legal conclusion, *i.e.,* that the Chapter 13 case should be dismissed under 11 U.S.C. § 1307(c)(1) and (5) and Fairbanks should no longer be stayed from exercising its state court remedies because of Debtor's lack of payment, is erroneous because Fairbank's secured claim has not been allowed. It has not been allowed because Debtor filed an adversary proceeding contending that she had no obligation to pay her mortgage because she had exercised her right to rescind it. Debtor's thesis, unsupported by any legal authority, is that by placing a claim at issue through an objection or adversary proceeding and remaining current on the plan payment she proposes (in this case $10), she need do nothing further to make current payment to the secured claimant nor provide for its claim in her plan pending the outcome of the claim dispute. Moreover, she appears to advance the proposition that the pendency of the adversary proceeding in and

---

**2.** Upon conversion, this court would have no subject matter jurisdiction over the adversary cases unless the Chapter 7 trustee chose to prosecute them for the benefit of the estate. I gave the Chapter 7 trustee 30 days from service of the Opinion to either intervene or abandon the causes of action. Failure to intervene would be deemed an abandonment.

On January 30, 2004, Howard Glassman was appointed Chapter 7 trustee. The first meeting of creditors was held on February 27, 2004, and on March 4, 2004, he filed his no-asset report and request to be discharged. He has taken no steps to intervene, and thus I consider these actions to have been abandoned.

of itself is a sufficient basis to defer confirmation until it is finally adjudicated.

■■■ In enacting the Bankruptcy Code, Congress carefully balanced the rights of debtors and creditors. For example, while the automatic stay enjoins creditor action against the debtor and her property, it provides the creditor with adequate protection of its interest in the debtor's property so that its position does not deteriorate while it is statutorily enjoined. Moreover, it is generally accepted that the debtor's burden to demonstrate that a reorganization is in process increases with the passage of time.[3] *See United Savings Association of Texas v. Timbers of Inwood Forest Associates, Ltd.,* 484 U.S. 365, 376, 108 S.Ct. 626, 633, 98 L.Ed.2d 740 (1988). Finally, because creditors' rights are constrained during the pendency of Chapter 13 proceedings, the Bankruptcy Code contemplates that a plan will be promptly confirmed so that payments to creditors may commence. These legislative policies animated the decision of the court in *In re Fricker,* 116 B.R. 431, 439 (Bankr.E.D.Pa. 1990). In *Fricker,* the debtors responded to a similar feasibility objection by positing that the claim might be eliminated on appeal, thus rendering the Chapter 13 plan confirmable. However, the Court would not allow the appeal to halt the confirmation process given its "mandate to determine whether plans can be confirmed expeditiously." *Id.* Significantly the Court in *dicta* stated:

> We note that bankruptcy courts are authorized to go forward with confirmation, for the benefit of the debtor and all other creditors, even when final liqui-

dation of a claim of a particular creditor is impossible, by allowing the estimation of claims. *See* 11 U.S.C. § 502(c).

*Id. See also In re Claypool,* 122 B.R. 371, 372 (Bankr.W.D.Mo.1991) ("[I]n order to support the feasibility of such Plan, it may be necessary for the Court to estimate the unliquidated unsecured claim of the Bank pursuant to 11 U.S.C. § 502(c)."). I find that *Fricker* articulates the appropriate balance to strike when a disputed claim unnecessarily delays confirmation. Confirmation should proceed and the Debtor should be required to establish that there is a likelihood that its failure to treat the filed secured claim as required by § 1325(a)(5) will be upheld. *See In re Larson,* 245 B.R. 609, 614 (Bankr.D.Minn. 2000) (to confirm plan, court needs to determine whether trustee could reasonably be expected to succeed in adversary proceeding avoiding transfer). Any other approach invites abuse of the bankruptcy process since a strategic objection or adversary proceeding would be able to forestall confirmation without any testing of its merits.

In *In re Vincente,* 257 B.R. 168 (Bankr. E.D.Pa.2001), I was presented with a similar argument by debtor's counsel and reasoned as follows:

> As I understand Debtor's argument, so long as there is an objection to a claim (therefore obviating allowed claim status at that juncture), the creditor cannot object to its treatment in the plan and the debtor can request confirmation, as done here, that treats the claim as though the debtor has prevailed.[4] Debt-

---

3. While the term "reorganization" is commonly used with respect to proceedings under Chapter 11, the concept applies to Chapter 13 as well which involves an adjustment of the debts of an individual with regular income. Chapter 13 cases are more commonly described as rehabilitation proceedings.

4. Unlike the Debtor, Vincente requested confirmation of his plan. Debtor here seeks merely to keep continuing confirmation until the claim is resolved. I respectfully suggest that the difference in approaches is not as significant as it may appear. In both cases, the secured claimant is not being paid.

or Memorandum at 6. Debtor's syllogism is as follows: Since Debtor has objected to Advanta's secured claim, Advanta does not have an allowed claim and its objection to the Debtor's plan on the basis of its failure to pay the full amount of the secured claim must fail. Whether Advanta is the holder of an allowed secured claim will be determined in the yet to be tried adversary case. The Debtor offers no authority for his analytical framework.... His view, if correct, would put a premium on unresolved litigation and loses sight of § 502(c) which provides for the estimation of any unliquidated claim that may hold up the administration of the estate. [citations omitted]. While practically speaking it may be prudent to simply defer confirmation to allow the claim to be fixed, where as here, confirmation has been deferred for over one year and payments were not being made, the Debtor lost that accommodation. The only other option, if a debtor insists on seeking to confirm a plan that impairs a lien creditor's rights, is to meet his burden under § 1325(a)(1). This Debtor chose to do nothing, and that is another reason confirmation alludes him in this case.

■ In this case, Debtor filed a Chapter 13 case on November 19, 2002. Her Chapter 13 plan dedicated $10 per month for 36 months as payment to the Chapter 13 trustee. The Chapter 13 trustee objected to confirmation on the grounds that the filed proofs of claim exceeded the plan funding and filed a motion to dismiss the Chapter 13 case. Debtor then filed these adversary proceedings on December 10, 2003 to assert rights under various consumer protection statutes which she contends will obviate the requirement of paying the mortgage and to secure damages from Decision One. Taking advantage of court-sponsored mediation, the Debtor was accorded six adjournments of the dismissal and confirmation hearings to allow the parties to engage in voluntary negotiations. When the discussions did not bring a consensual resolution, the Debtor was advised that no further continuances would be granted. Accordingly, on November 20, 2003, one year after the filing of the petition, the confirmation hearing was held. The record of that hearing is reflected in the Opinion. None of the factual findings have been challenged.

■ While the trustee or creditor has the initial burden of articulating a clear and cognizable objection to confirmation, "the debtor has burden of ultimate persuasion, and is therefore obliged to make a record if such is necessary to persuade us to overrule the objection and confirm the plan in the face of such an objection." *Fricker*, 116 B.R. at 438. The Chapter 13 trustee here has objected to the plan as not feasible because the secured claims exceed the plan funding.[5] The secured creditors objected to the Plan because their claims were not treated as required by § 1325(a)(5). Indeed Fairbanks was not treated in the Plan at all. As it is clear that the Plan is not sufficiently funded to pay the secured claims, the burden was shifted to the Debtor to make a record to confirm the Plan in the face of the objections. However, she did nothing, and confirmation was appropriately denied without leave to file another plan for the reasons stated in the January 9 Opinion. 11 U.S.C. § 1307(c)(5). Moreover, given

---

5. As noted by the *Fricker* Court, while the Chapter 13 trustee uses the shorthand "lack of feasibility" as grounds for his objection, it is somewhat of a misnomer. When the trustee states that there is insufficient funding, it is "in fact a checkpoint to determine whether the requirement of 11 U.S.C. § 1325(a)(5)(B)(ii) is satisfied." *Id.* at 436.

the passage of time and failure to pay the secured creditors, dismissal was warranted on account of the resultant delay and prejudice. 11 U.S.C. § 1307(c)(1).

█ The same rule applies with respect to a motion for relief. Again it is not sufficient to defend this contested matter by intoning the pendency of the adversary proceeding. Fairbanks met its burden of establishing "cause" for relief by proving that it had not been paid since the bankruptcy case·· was filed. 11 U.S.C. § 362(d)(1). The burden then shifted to the Debtor to prove something more than that she had challenged Fairbank's secured claim. While a stay relief hearing is a summary matter and will not determine the claim issue finally, it is nonetheless within the court's discretion to require the party opposing relief to prove that it has a "colorable claim" pending. As noted by the Court in *Montgomery v. Dennis Joslin Company II, LLC (In re Montgomery)*, 262 B.R. 772, 775 (8th Cir. BAP 2001):

> Evidence of the alleged infirmity of the movant's secured position or ownership is relevant in a procedural sense, as well; it may aid the fashioning of relief that is best balanced among the competing interests, and that will best promote the goals of the Code chapter under which the debtor filed for bankruptcy relief.

As Debtor failed to adduce any evidence that related to the alleged infirmity of Fairbank's position, the sole record before me was Debtor's failure to make any payments to its mortgagee for the term of this case. Granting relief on that record was inevitable.

Debtor also argues that I misapplied my decision in *In re Williams*, 291 B.R. 636 (Bankr.E.D.Pa.2003), in concluding that even if debtor were successful in her claims for rescission, she still could not propose a confirmable plan. I have nothing further to add to that analysis except to recognize that I need not have reached that issue given Debtor's abject failure to prove that her plan was confirmable under any circumstance.

█ Finally I also stand on my decision not to transfer the adversary cases under 28 U.S.C. § 1631.[6] The only new argument made by the Debtor is that she believes "there is a significant potential limitations issue" with respect to the Destiny loan[7] "which may no longer be subject to rescission." Motion ¶ 4. Notwithstanding that the separate Transfer Motion was filed, I am still unable to determine whether there is an actual statute of limitations bar to prosecution of the adversary complaints if she had to start anew. The Debtor's contention is equivocal on this point and insufficiently developed for me to determine its merits. Given my admonition in the Opinion that the unsupported statement that there may be a statute of limitations problem was an insufficient basis to transfer this case, I would have expected a clear articulation of the problem now. Thus, if I treat the request to transfer as a new motion (as opposed to a reconsideration where an error of fact or law or newly discovered evidence must be established),

---

6. The Debtor has presented this request both as part of the Reconsideration Motion and by separate motion being "mindful that she never formally requested a transfer" of the adversary proceedings to the District Court. Transfer Motion at ¶ 7. Rather the request was made at the conclusion of the confirmation and stay relief hearing and was treated as an oral motion and ruled upon.

7. I do not know what "Destiny loan" Debtor is referring to as being possibly time barred. Transfer Motion ¶ 9. None of the parties are named Destiny.

the basis for it is no different than the grounds I have already rejected. As noted in the Opinion, "a transfer under § 1631 is an extraordinary remedy and not to be lightly granted for the convenience of the plaintiff." *In re Wile*, 304 B.R. 198, 208 n. 16 (Bankr.E.D.Pa.2004).

In short, the Reconsideration Motion and Transfer Motion are denied. Moreover, given the Chapter 7 trustee's failure to administer the causes of action framed by Adversary Nos. 02–1373 and 02–1397, they will be dismissed forthwith for lack of jurisdiction. An Order consistent with this Opinion shall be entered.

### ORDER

AND NOW, this 4th day of May 2004, upon consideration of the Debtor's Motion (1) for Reconsideration of Opinion and Order dated January 9, 2004 ("Reconsideration Motion") and (2) to Transfer Case to Another District ("Transfer Motion") and the objections of Decision One Mortgage Company thereto, after notice and hearing, and for the reasons stated in the accompanying Opinion;

It is hereby **ORDERED** and **DECREED** that the Reconsideration Motion and Transfer Motion are **DENIED**. It is further **ORDERED** that the above captioned adversary proceedings are **DISMISSED** without prejudice.